# DONALD, SECRETARY OF STATE OF WISCONSIN, *v.* PHILADELPHIA & READING COAL & IRON COMPANY.

# FREAR, AS SECRETARY OF STATE OF WISCONSIN, *v.* WESTERN UNION TELEGRAPH COMPANY.

### APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WISCONSIN.

Nos. 253, 254. Argued April 13, 1916.—Decided May 22, 1916.

The judicial power of the United States as created by the Constitution and provided for by Congress pursuant to its constitutional authority is a power wholly independent of state action, and which, therefore, the several States may not, by any exertion of authority in any form, directly or indirectly, destroy, abridge, limit or render inefficacious. *Harrison* v. *St. Louis & San Fran. R. R.*, 232 U. S. 318.

A State may not prevent foreign commercial corporations doing local business from exercising their constitutional right to remove suits into Federal courts.

Section 1770 f, added June 20, 1905, to the Statutes of Wisconsin of 1898, providing for the revocation of the licenses of any foreign corporation to do business within the State in case it removes, or makes application to remove, any action commenced against it by a citizen of that State into a Federal court is unconstitutional as beyond the power of the State.

219 Fed. Rep. 199, affirmed.

THE facts, which involve the validity under the Federal Constitution of a statute of Wisconsin providing for revocation of licenses granted to corporations not organized under the laws of that State in case they remove into the Federal courts actions commenced against them by citizens of the State on causes of action arising in the State, are stated in the opinion.

*Mr. J. E. Messerschmidt,* with whom *Mr. Walter C. Owen,* Attorney General of the State of Wisconsin, was on the brief, for appellants in both cases:

The act is in accord with the policy of the State of Wisconsin concerning corporations and to hear domestic and foreign corporations alike.

The provision of the statute, that, if a foreign corporation shall remove or make application to remove into any District or Circuit Court of the United States any action or proceeding commenced against it by any citizen of Wisconsin upon any claim or cause of action arising within this State, the license issued to said corporation shall be void and the Secretary of State shall enter such forfeit in the records in his department, has not for its object to oust the Federal court of jurisdiction, but the primary purpose is the putting of foreign corporations on substantially the same footing as domestic corporations and such is the result.

The mandate of the Fourteenth Amendment that no State shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws, is applicable to remedial rights.

The rule of comity goes only so far as to place foreign corporations on an equal basis with domestic corporations, but never beyond.

The rule of the *Doyle* and *Prewitt Cases,* properly qualified and limited in its scope, is applicable to this statute and is sufficient to sustain its constitutionality.

A foreign corporation is not required by the statutes of Wisconsin, as a condition for receiving a license in the State of Wisconsin, to stipulate that it will not remove a case to the Federal court.

A stipulation required to be filed in the Secretary of State's office by a foreign corporation that it will not remove a case to the Federal court does not in any way change the effect of a statute of this nature.

The Wisconsin statutes relating to foreign companies do not in any way interfere with or affect interstate commerce.

The revocation of the license of the respondent does not deprive it of any constitutional rights.

*Mr. M. H. Boutelle* for appellee in Number 253.

*Mr. Rush Taggart*, with whom *Mr. Francis Raymond Stark* was on the brief, for appellee in Number 254.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

These appeals bring up for consideration the validity of a Wisconsin statute providing for revocation of licenses granted to corporations not organized under the laws of that State. They were heard together and to dispose of them by one opinion will be convenient.

Terms and conditions upon which foreign corporations might do local business and penalties for failure to comply therewith were first prescribed by the legislature of Wisconsin in 1898. Amendatory and supplemental statutes were enacted and finally the act of June 20, 1905, added four new sections to the statutes of 1898, one of which follows:

SEC. 1770*f.* "Whenever any foreign corporation doing business in this state shall remove or make application to remove into any district or circuit court of the United States any action or proceeding commenced against it by any citizen of this state, upon any claim or cause of action arising within this state, it shall be the duty of the secretary of state, upon such fact being made to appear to him, to revoke the license of such corporation to do business within this state."

Since 1860 the Western Union Telegraph Company, a

New York corporation, has been continuously carrying on within Wisconsin both intra- and interstate commerce and for use therein has acquired and owns a large amount of property. In 1907 it filed with the secretary of state a copy of its charter, paid the prescribed fee and took out a license to do intrastate business.

The Philadelphia & Reading Coal & Iron Company, a Pennsylvania corporation, since prior to 1898, within Wisconsin has been continuously shipping and selling coal both in intrastate and interstate commerce, and for use therein has purchased at great expense docks and other properties. Having paid required fees and filed its charter with the secretary of state, it received a license, November 10, 1898.

The Western Union Telegraph Company removed to the United States District Court a civil suit begun against it in the Circuit Court, Dane County, Wisconsin, during 1911; and in 1912 an action against the Philadelphia & Reading Coal & Iron Company was likewise removed. Averring that so far as the same directs or attempts to direct annulment of its right to do business § 1770f, above quoted, is in conflict with the Federal Constitution, each of the appellees filed an original bill praying an injunction restraining the secretary of state from revoking its license because of such removal. The lower court sustained the claim of unconstitutionality (216 Fed. Rep. 199), granted preliminary injunctions and these direct appeals were taken.

Consideration of the Wisconsin statutes convinces us that they seek to prevent appellees and other foreign commercial corporations doing local business from exercising their constitutional right to remove suits into Federal courts. To accomplish this is beyond the State's power. The action of the court below in holding § 1770f inoperative and enjoining its enforcement as to appellees was correct and its decree must be affirmed.

We are asked in effect to reconsider the question discussed and definitely determined in *Harrison* v. *St. L. & San Francisco R. R.*, 232 U. S. 318. We there said (p. 328): "The judicial power of the United States as created by the Constitution and provided for by Congress pursuant to its constitutional authority, is a power wholly independent of state action and which therefore the several States may not by any exertion of authority in any form, directly or indirectly, destroy, abridge, limit or render inefficacious."

*Affirmed.*