**LAHMAN v. SUPERNAW et al. (INDEMNITY INS. CO. OF NORTH AMERICA, Garnishee.)**

No. 1201.

District Court, N. D. Oklahoma.

Feb. 10, 1931.

S. J. Montgomery, of Tulsa, Okl., for plaintiff.

Robinson & Jones, of Tulsa, Okl., for garnishee defendant.

KENNAMER, District Judge.

The Indemnity Insurance Company of North America, a corporation, garnishee, removed this cause from the district court of Tulsa county, Okl., to this court. The plaintiff, prior to removal, had recovered judgment against the defendants and caused execution to issue. The execution having been returned nulla bona, the plaintiff filed proper statutory affidavit under the Oklahoma law and caused garnishment summons to be served upon the Indemnity Insurance Company of North America. The garnishee filed answer in the state court prior to filing its petition for removal. The plaintiff has moved to remand the cause to the state court. The removing garnishee defendant contends that the garnishment proceedings constitute an independent action, and, there being the requisite amount involved and diversity of citizenship, that the cause as between the plaintiff and garnishee presents a separable controversy.

I am of the opinion that the motion to remand should be sustained. In the case of Davidson et al. v. Finley et al., 96 Okl. 291, 222 P. 678, 679, it was held that garnishment proceedings in aid of execution "is practically only an equitable execution brought for the purpose of reaching nonleviable assets." An execution may be issued only from the court in which the judgment was rendered. The issuance of an execution for the purpose of obtaining the satisfaction of the judgment is not an independent action. See Brucker v. Georgia Casualty Co. (D. C.) 14 F.(2d) 688; First National Bank v. Turnbull, 16 Wall. 190, 21 L. Ed. 296.

The motion to remand is sustained.