REED v. BLOOM (MARYLAND CASUAL-
TY CO. OF BALTIMORE, Garnishee).

No. 6018.

District Court, W. D. Oklahoma.

May 1, 1936.

Murrah & Bohanon, of Oklahoma City, Okl., for plaintiff.

J. L. Gowdy, of Oklahoma City, Okl., for defendant.

Ames, Cochran, Ames & Monnet, of Oklahoma City, Okl., for garnishee.

VAUGHT, District Judge.

The plaintiff, Tom B. Reed, recovered a judgment against the defendant, Lloyd L. Bloom, in the district court of Oklahoma county, Okl., on the 7th day of February, 1936, for injuries received in an automobile accident. After the rendition of said judgment, execution was issued against the defendant, Bloom; the execution being returned: "No property found." Thereafter garnishment proceedings were instituted against the garnishee, Maryland Casualty Company, a nonresident corporation, in aid of the execution, under sections 500 and 501, O.S.1931.

The garnishee answered said process, and within due time filed its petition to remove to this court. The plaintiff filed his motion to remand, and this matter comes on for hearing on the motion to remand.

It is the contention of the plaintiff that this action is so directly connected with the original suit as to be a part of the original suit, and that this proceeding is merely an action in aid of execution. The garnishee contends that the controversy between the plaintiff and the garnishee is in the nature of an independent action and is the same as a suit at law by the plaintiff against this garnishee.

There is no question in the court's mind but that the plaintiff has followed the procedure as provided in the Oklahoma statutes. The question, however, to be determined is whether or not, regardless of the name of the proceeding, the action is independent and is an original action in so far as this garnishee is concerned.

It is admitted that the garnishee executed an indemnity policy in favor of the defendant in the original action, but its contention is that this policy does not cover the class of accidents in which the plaintiff was injured; that this question was not involved in the original suit, but constitutes an independent suit.

Section 3708 of the 1931 Compiled Oklahoma Statutes was amended by chapter 156, § 4, Session Laws 1933, and, as amended, the section is as follows:

"Section 3708. No certificate of convenience and necessity, or permit, shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier, authorized to do business in this state and which has complied with all of the requirements of the Corporation Commission, which bond or policy shall be approved by the Corporation Commission, and shall be in such sum and amount as fixed by a

proper order of said Commission; and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of 'any such motor carrier for which such carrier is legally liable; provided, that said Commission, may, in its discretion, relieve any motor carrier herein classified under class 'C,' from the obligation of filing such public liability and property damages bond. A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do."

The last sentence in the foregoing section is clearly in point in the consideration of the question at issue. "A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do."

█ It is admitted that, had the plaintiff brought an original action against the garnishee on the insurance policy, such action would have been removable from the state court to federal court. Clearly the only advantage that the plaintiff secured by virtue of his judgment against Bloom in the state court, in so far as the garnishee in this action is concerned, was the right to be substituted for Bloom as the beneficiary under the indemnity policy. The right to remove a cause to the federal court is controlled wholly by federal statutes; it being admitted that a state cannot enact a law which would affect the rights of a nonresident under the Constitution and the laws of the United States.

In Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 189, 66 L.Ed. 352, 21 A.L.R. 186, the court, in discussing the right of a nonresident citizen to remove a cause to the federal court under the terms of the federal statute, said: "It rests on the ground that the federal Constitution confers upon citizens of one state the right to resort to federal courts in another, that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void because the sovereign power of a state in excluding foreign corpora-

tions, as in the exercise of all others of its sovereign powers, is subject to the limitations of the supreme fundamental law."

In Donald v. Philadelphia & Reading Coal Co., 241 U.S. 329, 36 S.Ct. 563, 564, 60 L.Ed. 1027, quoting from Harrison v. St. Louis & San Francisco R. Co. 232 U.S. 318, 34 S.Ct. 333, 58 L.Ed. 621, L.R.A. 1915F, 1187, the court said: "The judicial power of the United States as created by the Constitution and provided for by Congress pursuant to its constitutional authority is a power wholly independent of state action, and which therefore the several states may not, by any exertion of authority in any form, directly or indirectly, destroy, abridge, limit, or render inefficacious."

In defining a "suit," in Weston v. City Council of Charleston, 2 Pet. 449, 464, 7 L. Ed. 481, Chief Justice Marshall said: "The term is certainly a· very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit. The question between the parties is precisely the same as it would have been in a writ of replevin, or in an action of trespass."

In Pacific Railroad Removal Cases, 115 U.S. 1, 18, 5 S.Ct. 1113, 1124, 29 L.Ed. 319, the court, in considering certain issues which arose between a nonresident corporation in connection with other interested parties in an action pending in a state court, said: "The proceedings for widening the 'street, pending in the state court, may have to await the decision of the case in the federal court; and the result of those proceedings may be materially affected by the decision of that case; but that consideration does not affect the separate and distinct character of the controversy between the city and the railway company, although it might raise a question of proper parties in a ·pure chancery proceeding as between the city and the company. This controversy is to all intents and purposes 'a suit.' The indirect effect upon the general proceedings for widening the street which would ensue in case the federal court should determine that the city of Kansas had no right to widen the street in the company's depot

9

grounds, or that the valuation of its property was much too small, or the assessment of benefits against it was much too large, furnishes no good reason for depriving the company of its right to remove its suit into a United States court. We think that the case was removable to that court under the act of March 3, 1875."

In a much more recent case, Commissioners of Road Imp. District v. St. Louis Southwestern R. Co., 257 U.S. 547, 42 S. Ct. 250, 255, 66 L.Ed. 364, the court, in response to the contention that the proceeding could not be removed because the statutory proceedings could not have been originally instituted in the federal court, said: "This limitation is not intended to exclude from the right of removal defendants in cases in the state court which, because of their peculiar form would be awkward as an original suit in a federal court, or would require therein a reframing of the complaint and different procedure. Sheffield Furnace Co. v. Witherow, 149 U.S. 574, 579, 13 S.Ct. 936, 37 L.Ed. 853; Fleitas v. Richardson, No. 1, 147 U. S. 538, 544, 13 S.Ct. 429, 37 L.Ed. 272. The limitation is that only those proceedings can be removed which have the same essentials as original suits permissible in District Courts; that is that they can be readily assimilated to suits at common law or equity, and that there must be diverse citizenship of the parties and the requisite pecuniary amount involved."

In Smith v. Adams, 130 U.S. 167, 9 S. Ct. 566, 568, 32 L.Ed. 895, the court said: "Whenever the claim or contention of a party takes such a form that the judicial power is capable of acting upon it, then it has become a case of controversy."

In Schuler v. Israel, 120 U.S. 506, 7 S. Ct. 648, 650, 30 L.Ed. 707, it is said: "As we understand the law concerning the condition of a garnishee in attachment, he has the same rights in defending himself against that process at the time of its service upon him that he would have had against the debtor in the suit for whose property he is called upon to account."

In McLaughlin v. Swann, 18 How. 217, 229, 15 L.Ed. 357, the court said: "But in a State where the legal and equitable jurisdictions are distinct, and in a court of the United States, having full equity powers, we consider that a garnishee should stand as nearly as possible in the same position he would have occupied if sued at law by his creditor."

Referring specifically to the Oklahoma statute with reference to garnishment proceedings, the statute provides in section 620, O.S.1931: "The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto. The plaintiff may in all cases move the court, upon the answer of the garnishee, and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answer."

And in section 625 the statute provides: "The proceedings against a garnishee shall be deemed an action by the plaintiff against garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto."

In Davis v. Lilly, 17 Okl. 579, 87 P. 302, 303, the Oklahoma Supreme Court, in discussing a suit in which the garnishee was made a party in the original action, said: "In an action of this kind two distinct and different issues are presented. One between the plaintiff and defendant, and the other between the plaintiff and the garnishee."

In Tunstall v. Worthington, Federal Case No. 14,239, in discussing the character of a garnishment proceeding, it was said: "It is in every respect a suit in which the primary object is to obtain judgment against the garnishee, and certainly cannot with any plausibility be treated as process of execution, or as part of the execution process."

In Ward v. Congress Construction Co. (C.C.A.7th Circuit) 99 F. 598, 602, in a suit in equity in a state court enjoining the erection of buildings on certain grounds, a motion was filed by the complainant for an order restraining a third person, who was not a party to the suit, from violating the decree. The third party, being a nonresident of the state, filed a petition and bond for removal of the case to the federal court. It was contended that the proceeding was ancillary to the original action and was not an independent suit which could be removed. The court said: "But a party

thus brought in, who was in no way bound by the original decree, it is evident, must be deemed to have the same right to ask a removal as if he had been made a party at first; and, indeed, a better right, since there can arise no question of the separability of his interests from those of the original defendants."

The court in its opinion further said: "While the proceeding now in question evidently was intended to be auxiliary to the decree of the state court, and was so in form, yet in fact, ratione materiæ, it was not of that character."

The plaintiff in this action relies largely upon an opinion by Judge Kennamer of the Northern District of Oklahoma, Lahman v. Supernew et al. (Indemnity Ins. Co. of North America, Garnishee) (D.C.) 47 F.(2d) 610, decided February 10, 1931, in which Judge Kennamer held that a garnishment proceeding, such as has been instituted by the plaintiff, was not an independent action, but was a proceeding in aid of execution. Much as I respect the judgment of my learned friend Judge Kennamer, I cannot agree with his conclusions in that case. He also cites a case from the Eastern District of Missouri by District Judge Davis, Brucker v. Georgia Casualty Co. (D.C.) 14 F.(2d) 688. I have read this opinion very carefully and, while there is a difference between the Oklahoma statutes and the Missouri statutes, I cannot follow the conclusions reached in that case.

The mere fact that the plaintiff in this case preferred to bring a garnishment proceeding against the garnishee in this case, instead of filing an independent suit against the garnishee, does not change the position of the garnishee as to its rights to remove the cause to the federal court. As stated before, the Oklahoma statute, section 3708, supra, makes no reference to a garnishment proceeding, but says: "After judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do," clearly indicating that the plaintiff, since the rendition of the judgment in the state court, stands, as it were, in the shoes of the insured, and has the right to maintain the action.

This court is not inclined to increase the business of the federal court in this district, but an emergency arising from an overcrowded docket is not sufficient to justify a denial of the constitutional right of the garnishee. The motion to remand will be overruled and an exception allowed.