**LAWLEY et al. v. WHITEIS et al. (AMERICAN SURETY CO. OF NEW YORK, Garnishee).**

No. 2701.

District Court, N. D. Oklahoma.

Sept. 28, 1938.

Bailey E. Bell, of Tulsa, Okl., and Louie Gossett and F. Lee Welch, both of Antlers, Okl., for plaintiffs.

Tomerlin, Chandler, Shelton & Fowler and James C. Cheek, all of Oklahoma City, Okl., for garnishee.

FRANKLIN E. KENNAMER, District Judge.

Maragret Lawley, the mother, and as Administratrix of the estate of W. E. Lawley, deceased, recovered a judgment in the District Court of Tulsa County, against Bert Whiteis and L. Sevy, for the wrongful death of a son, caused by an automobile accident. After the rendition of judgment for the plaintiffs, an execution was issued and was returned no property found. Thereafter, garnishment summons was issued under Sections 863 and 864, of Title 12, Okl.St.Ann., Sections 500 and 501, O.S. 1931, against the American Surety Company of New York, seeking to subject to the payment of the judgment an amount claimed to be due to the defendant under a policy of liability insurance alleged to have been issued by the garnishee to the defendant prior to the time of the fatal accident. Interrogatories were submitted along with the garnishment summons, as provided by the Oklahoma Statute. The garnishee filed its answer denying that it was indebted to the defendant, and further denying that it had ever written any insurance policy covering the defendants, and alleging that the defendant, Bert Whiteis, the owner of the truck involved in the accident was a carrier for hire under the laws of the State of Oklahoma, and required by such law to obtain a permit from the Corporation Commission of the State of Oklahoma, which he had neglected to do, and was therefore engaged in the business of hauling for hire, in violation of the law. The garnishee further alleged that it was prohibited by law from issuing casualty insurance to any person engaged in a like business, because the garnishee had never qualified under the laws of the State of Oklahoma and the rules

and orders of the Corporation Commission to issue casualty insurance covering vehicles hauling for hire. The plaintiff filed notice of election to take issue with the answer of the garnishee, and the garnishee, within the time provided by law, filed its petition and bond for removal, and an order removing the cause to this court was duly entered. The matter comes on for hearing upon plaintiff's motion to remand.

Plaintiff and defendants are residents of the State of Oklahoma, and the garnishee, the American Surety Company of New York, is a non-resident of Oklahoma, being a corporation organized under the laws of the State of New York. The judgment obtained against the defendants was in the amount of $4,000, plus interest and costs. The only question presented, is whether the garnishment proceedings against the American Surety Company is a suit of a civil nature between citizens of different states and which can be fully determined as between them, within the purview of the removal statutes. If the garnishment proceedings instituted in this case are merely ancillary or supplemental proceedings to the suit in the State Court and the judgment rendered therein, then the same is not removable to this court. On the other hand, if such proceedings are independent suits, then they are probably removable.

The question presented here has had the consideration of the United States District Court for the Western District of Oklahoma, and has also been considered by this court. See Reed v. Bloom, D. C., 15 F.Supp. 7; Lahman v. Supernaw et al., D. C., 47 F.2d 610.

Honorable Edgar S. Vaught, Judge of the District Court for the Western District of Oklahoma, concluded that such proceedings were removable. The contrary result was reached in this court. The contrary ruling of Judge Vaught has compelled a careful reconsideration of the removability of such proceedings, with the result that the question has been carefully investigated as if it were a new one for this jurisdiction. While the decision in the case is not free from doubt, and is not a question easy of determination, still, in view of · the construction placed upon the Statutes of Oklahoma by the highest court of this State, construing the nature of the proceedings, it must be concluded that garnishment proceedings under the particular Statutes noted above, are auxiliary and ancillary to the

suit resulting in judgment, under which such proceedings are authorized.

The difficulty involved in determining the removability of such proceedings lies in determining the character of the garnishment proceedings. If, under the Statutes of Oklahoma, garnishment does not partake of the nature of an independent suit, or litigation, but is merely auxiliary to the main action, or supplemental to it, and a means of securing a satisfaction of judgment rendered therein, it is not removable. · Pratt v. Albright, C. C., 9 F. 634. On the other hand, if such proceedings are independent suits, they may be removed.

The Statutes of Oklahoma provide for garnishment proceedings before as well as after judgment. The Statutes referred to above are applicable to proceedings after judgment has been obtained. The proceedings prescribed therein differ from proceedings prior to the entry of judgment, and the Statutes under which garnishment proceedings were instituted herein are authorized by the statute in aid of execution only after execution has been returned unsatisfied. They are found in and constitute a part of the chapter of the Oklahoma Statutes on "Executions and Other Proceedings To Enforce Judgments." Garnishment proceedings are also authorized by Sections 497, 484, 495 and 498, O.S.1931, being Sections 847, 848, 861 and 850, of Title 12, Okl. St.Ann. These provisions are not applicable to the instant case, because the procedure involved herein was instituted under the authority of the Sections of the Statute first referred to.

The Supreme Court of Oklahoma has determined that garnishment after judgment is practically an equitable execution brought for the purpose of reaching non-leviable assets and is a means provided for obtaining satisfaction of a judgment of a creditor out of the property of the debtor. See First National Bank of Cordell v. City Guaranty Bank of Hobart, 174 Okl. 545, 51 P.2d 573; Davidson v. Finley, 96 Okl. 291, 222 P. 678. It is thus well established that the proceedings in garnishment after judgment, is auxiliary to the main case and is only a means provided for obtaining satisfaction of a judgment. It has not been construed by the Supreme Court of Oklahoma to partake of an independent action, but is practically an equitable execution. The construction of the Statutes of Oklahoma governing garnishment proceedings after

judgment, is binding upon this court. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin v. New York Life Insurance Company, 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290.

Under the Oklahoma Statutes, after answer has been filed by the garnishee and notice of election to take issue is filed by the plaintiff, the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition and the garnishee's affidavit the answer thereto. Sec. 620, O.S.1931, Sec. 1177, Title 12, Okl.St.Ann. In Sec. 625, O.S.1931, Sec. 1182, Title 12, Okl.St.Ann., it is provided that the proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant. The above statutory provisions appear under the chapters on "Attachment and Garnishment", while the provisions of the Statute under which proceedings were undertaken in this case, are a portion of the chapter of the Oklahoma Statutes under "Execution". Attachment and garnishment proceedings may be independent proceedings under certain provisions of the Oklahoma Statutes, but such proceedings may also be in aid of execution, or ancillary to the main suit and the judgment rendered therein. The proceedings in this case were pursuant to the statutory provisions governing executions, and therefore did not constitute an independent controversy.

■ It is well settled that a State cannot prevent the removal of actions from its courts to the Federal Court by statutory enactment. See Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352, 21 A.L.R. 186; Donald v. Philadelphia Co. et al., 241 U.S. 329, 36 S.Ct. 563, 60 L.Ed. 1027. No attempt has been made in the instant case to prevent a removal by a Statute, but the proceedings provided therein do not come within the removal act, because they are not independent proceedings or suits. Statutory proceedings for the taking of private property for public uses cannot deny a non-resident the right of removal when the other jurisdictional requirements are met (see Pacific Railroad Removal Cases, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319), but such proceedings are independent actions.

■ It is contended by the garnishee that garnishment proceedings in Oklahoma are independent proceedings, and they urge in support of their argument the requirement that a motion for new trial be filed before the judgment rendered in such proceedings will be reviewed by the Supreme Court of Oklahoma, citing Cassidy v. Thompson, 84 Okl. 33, 202 P. 291; Brooks v. Fields, 25 Okl. 427, 106 P. 828. The latest case of the Oklahoma Supreme Court requiring the filing of motion for new trial is Dawson Produce Co. v. Cohn, 172 Okl. 28, 43 P.2d 1034. The requirement of the filing of motion for new trial in order to obtain a review in the Supreme Court, is not controlling of the question. There may be various questions involved in the same suit, and if such questions are ancillary to the main controversy, the same does not constitute an independent suit, despite the fact that the litigants in the ancillary proceedings are required to file motions for new trial in order to obtain a review by the Supreme Court of Oklahoma of the questions involved. Since the rendition of the decisions in Erie R. Co. v. Tompkins, supra, and Ruhlin v. New York Life Ins. Co., supra, this court is bound by the construction placed upon garnishment proceedings similar to those involved here, by the Oklahoma Supreme Court, rather than expressions from other Federal Courts with respect to garnishment generally. Federal cases with respect to garnishments, even if under Statutes similar to Oklahoma's, are not controlling. However, no Federal case has been cited which involves Statutes identical with the provisions of the Oklahoma Code.

■ In Reed v. Bloom, supra, the court refers to certain statutory provisions of Oklahoma with respect to the necessity of filing public liability policies as a condition to obtaining certificates of convenience and necessity for motor carriers. The Statute, as construed by the Supreme Court of Oklahoma, provides for joining the insurance carrier along with the insured as original parties defendant in cases of liability on account of accidents. Enders v. Longmire, 179 Okl. 633, 67 P.2d 12. The particular Statute is not involved in this case. The carrier in such cases is made a party defendant by reason of the Statute. In cases similar to the one here presented, there is no provision for joining the insurance carrier as a party defendant; such insurance company, if it has issued a policy indemnifying the assured against loss from liability for damages on account of injuries, etc.,

is subject to garnishment proceedings. Maryland Casualty Co. v. Peppard, 53 Okl. 515, 157 P. 106, L.R.A.1916E, 597.

As the proceedings in garnishment were instituted in this case under the particular Statute, which proceedings have been construed to be practically an equitable execution brought for the purpose of reaching non-leviable assets, and is merely a means provided for obtaining satisfaction of a judgment, it is merely auxiliary and ancillary to the main suit and judgment, and does not constitute an independent action, and is therefore not removable.

The motion to remand is sustained.