**TONEY v. MARYLAND CASUALTY CO.**
et al.
No. 21.

District Court, W. D. Virginia.
Oct. 28, 1939.

Hale Collins, of Covington, Va., for plaintiff.

T. X. Parsons, of Roanoke, Va. (Showalter, Parsons, Kuyk & Staples, of Roanoke, Va., on the brief), for garnishee.

DOBIE, District Judge.

Plaintiff in this case recovered a judgment in the Circuit Court of Alleghany County, Virginia, against the original defendants for injuries received in an automobile accident. Execution on this judgment was returned unsatisfied, whereupon plaintiff instituted a garnishment proceeding against the Maryland Casualty Company, based upon an alleged liability policy issued by the garnishee to these original defendants, Kelley and Blankenship. This garnishment proceeding was seasonably removed by the garnishee to this Court, and plaintiff has duly filed a motion to remand this proceeding to the state court.

The sole question in the case is whether this garnishment under the applicable Virginia statute is an ancillary proceeding, a mere method of enforcing the judgment in the state court, or whether it may be viewed as an independent suit with a new party, involving a new controversy raising new questions. Should the garnishment fall into the first of these categories, clearly it is not removable to this court; but should it fall into the second category, its removability seems equally clear.

In Dobie on Federal Procedure, pp. 402-403, it is stated (with ample citation of authorities): "Since jurisdiction over ancillary proceedings follows jurisdiction over the main suit, such proceedings being merely incidental to the principal controversy, it is well settled that ancillary pro-

ceedings, apart from the main suit, cannot be removed from a state court to the federal District Court. Any other rule would result in splitting a suit into two parts, with the principal part in the state court and an appendage in the federal court, a situation which would be as unfortunate from a juristic, as it would be undesirable from a practical, standpoint."

Again, District Judge Love has well said: "Where the supplemental proceeding is in its character a mere mode of execution or of relief, inseparably connected with the original judgment or decree, it cannot be removed, notwithstanding the fact that some new controversy or issue between the plaintiff in the original action and a new party may arise out of the proceeding. But where the supplemental proceeding is not merely a mode of execution or relief, but where it, in fact, involves an independent controversy with some new and different party, it may be removed." Buford & Co. v. Strother, C.C., 1881, 10 F. 406, 407, 408. In that case it was held that a garnishment proceeding to enforce a judgment previously obtained in the state court could not be removed to a federal court; but a proceeding was held removable by a judgment creditor of a corporation to enforce a statutory liability for this judgment against certain stockholders and directors of the corporation imposed by the statute by virtue of certain fraudulent conduct, for, Judge Love pointed out, this proceeding "is not in any sense a mode of execution * * *. It does not aim to reach assets of the corporation in the hands of a stockholder or director. * * * Here is a distinct * * * cause of action given by the last clause [of the statute] * * * he [plaintiff] seeks to establish a new liability against these new parties."

In the instant case the point is strongly urged (against the remand) that garnishment proceedings under the Virginia statute are unique and do present distinctive features which put them into the class of independent suits, so that such proceedings are removable. While there are some expressions in cases decided by the Virginia Supreme Court of Appeals that might lend support to this contention, these expressions were made in other connections, and they do not in my opinion settle the instant problem. Indeed a study both of the history and the application of the Virginia statute of garnishment leads me to an opposite conclusion.

The point, too, is made that under an apposite Virginia statute, the plaintiff might have resorted to what is really an independent action against the insuring Maryland Casualty Company and, further, for removal purposes there should be no difference between such an action and (as in the instant case) a proceeding in the nature of garnishment. Indeed, that seems to be the holding of District Judge Vaught in Reed v. Bloom, D.C., 1936, 15 F.Supp. 7. The garnishment proceeding was, accordingly, held to be removable. But a contrary decision under the same Oklahoma statute was reached by District Judge Kennamer in Lohman v. Supernaw, D.C., 1931, 47 F.2d 610. But here, I believe, a realistic approach must be adopted, and the problem solved not in the light of what the plaintiff might have done but rather in the light of what the plaintiff actually did.

Two other recent cases deserve notice. In American Automobile Insurance Co. v. Freundt, 7 Cir., 1939, 103 F.2d 613, Circuit Judge Treanor held that garnishment proceedings in Illinois were ancillary and thus not removable, citing in his opinion decisions of the Supreme Court of Illinois to the same effect. But in Joski v. Short, D.C., 1939, 28 F.Supp. 821, District Judge Yankwich, relying on decisions of the highest state court to that effect, held that from early times garnishment in the State of Washington have been held to be independent actions, and therefore are removable to the federal court.

It is not necessary for me, in sustaining the motion to remand, to express concurrence in these opinions holding that garnishment proceedings are (even under the statutes of the states in question) in their essential nature independent actions. Nor need I hold that an unusual and extreme statute cannot make garnishments really independent actions rather than ancillary proceedings. All that I need decide here, and all that I do decide, is that under the Virginia statutes garnishments are mere ancillary proceedings which are not removable from a state to a federal court.

In deciding in favor of the remand, I am further strengthened by the principle aptly stated by then District Judge, now Circuit Judge, Hutcheson in Pabst v. Roxana Petroleum Co., D.C., 1929, 30 F.2d 953, 954: "I am not impressed with the view, urged here, that the fact that Congress has provided that there shall be no review of the action of the District Court

in remanding a case should induce the [federal] court to take jurisdiction where [its] jurisdiction is not clear. * * * where the jurisdiction of the federal court is doubtful, good judgment requires remand to the * * * Court of the state, the jurisdiction of which is beyond dispute." In like vein in Dobie on Federal Procedure, p. 474, it is stated: "Though there are cases to the contrary [a number of these are cited], it seems to be the more general practice of the federal courts, when the jurisdiction of the state court is clear and that of the federal court is doubtful, to remand the case. [Authorities cited.] The ground on which this practice is usually rested is that it would be at least inexpedient, if not unfair, in such cases to expose a plaintiff, who may succeed in obtaining judgment, to the hazard of losing the fruits of his victory by a final decision that the federal court lacked jurisdiction. On the other hand, it may be urged on behalf of the removing defendant that in a doubtful case the removal prevents any appellate review of that decision, while a refusal to remand leaves this question open to the courts presumably best qualified to settle it correctly—the federal appellate courts."

For the reasons above set out, the plaintiff's motion to remand is sustained, and the instant garnishment proceeding against the Maryland Casualty Company is remanded to the Circuit Court of Alleghany County, Virginia, from which it was removed to this court.