## STOLL v. HAWKEYE CASUALTY CO. OF DES MOINES, IOWA.

### No. 14136.

United States Court of Appeals
Eighth Circuit.
Nov. 10, 1950.

H. L. Fuller, Sioux Falls, S. D. (C. L. Morgan, H. T. Fuller, Mitchell, S. D., M. T. Woods, Sioux Falls, S. D., J. B. Schultz, Sioux Falls, S. D., and Theodore M. Bailey, Jr., Sioux Falls, S. D., on the brief), for appellant.

Gale B. Braithwaite, Sioux Falls, S. D. (M. Q. Sharpe, Kennebec, S. D., and Joe W. Cadwell, Sioux Falls, S. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from two orders of the District Court, one granting and the other continuing in effect an injunction which prevented the plaintiff (appellant here), in an action brought in a State court of South Dakota, from the further prosecution of a garnishment proceeding against the garnishee-defendant, Hawkeye Casualty Company of Des Moines, Iowa (appellee).

The facts giving rise to this controversy are, in substance, as follows: The plaintiff was injured by a motor vehicle belonging to Walter Manhalter, who was insured against liability for such an injury by the Hawkeye Casualty Company of Des Moines, Iowa, an Iowa corporation. The driver of the vehicle, at the time the plaintiff was injured, was Emil Wagaman. The plaintiff brought an action against the owner and the driver in a State court of South Dakota to recover for her injuries. The parties were all residents and citizens of South Dakota. The Casualty Company was not a party. A trial of the action resulted in a judgment for the plaintiff against Wagaman, the driver, for $6,735.60, and a judgment in favor of Manhalter, the owner. No appeals were taken from the judgments, which became final.

The policy of liability insurance issued by the Casualty Company to Manhalter contained a clause covering, in addition to the named insured, any person using the vehicle with his permission.

The plaintiff caused execution to be issued upon her judgment against Wagaman and garnished the Casualty Company upon the theory that at the time of the accident Wagaman was using the vehicle with the consent of Manhalter, that the Company was therefore indebted to Wagaman in the amount of her judgment, and that the plaintiff was entitled to have that indebtedness applied in payment of the judgment.

The affidavit in garnishment and the garnishee summons, both dated January 18, 1950, were served upon the Casualty Company. It was required to answer within thirty days whether it was indebted to Wagaman or had in its possession or under its control any property belonging to him.

On February 4, 1950, the Casualty Company, in conformity with § 1446 of Title 28 U.S.C.A., filed in the United States District Court for the District of South Dakota a petition for the removal of the garnishment proceeding. After a recital of the facts which gave rise to the garnishment, the petition alleged: "That this petitioner Hawkeye Casualty Company had no contract of insurance with said defendant Wagaman but the plaintiff claims that it is liable to her as his garnishee because of a clause in said policy providing insurance for any person using the motor vehicle, provided the actual use thereof was with permission of the named insured who was the defendant Manhalter. That this petitioner claims that the actual use of said motor vehicle was not with permission of its insured at the time and place of injury to plaintiff and such issue of both fact and law is the principal issue involved in the garnishment proceeding for which removal is sought. That the said claim or cause of action of the plaintiff in this garnishment proceeding is a separate and independent claim from the original action [in] which judgment was obtained against defendant Wagaman and could have been removable to this court but by joining it in a garnishment proceeding to the original action, removal to this Court is sought to be prevented."

On February 9, 1950, the Casualty Company filed in the federal court its answer, as garnishee, asserting that it was not indebted to Wagaman, had no property of his in its possession or under its control, and was in no manner liable as garnishee.

The plaintiff, on February 17, 1950, made a motion in the District Court to dismiss the petition for removal or to remand the proceeding to the State court. The District Court, on February 18, upon application of the Casualty Company, enjoined

the plaintiff from proceeding further in the State court unless or until a remand should be granted. On February 28, 1950, the District Court denied the plaintiff's motion to remand, holding, in effect, that the garnishment proceeding had been properly removed and that exclusive jurisdiction had been acquired by the District Court. The order enjoining the plaintiff from conducting further proceedings in the State court was continued in effect, and this appeal followed.

If the garnishment proceeding was removable and was properly removed, the District Court did not err in protecting its jurisdiction by the orders complained of. The proceeding is undoubtedly a controversy involving more than $3,000 between citizens of South Dakota, namely, the plaintiff and Wagaman, who are interested in having the Casualty Company pay the plaintiff's judgment, and the Company, a citizen of Iowa.

The applicable removal statute is § 1441 (a), Title 28 U.S.C.A., which reads as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

■ The term "civil action" was used in § 1441 as a substitute for "suit of a civil nature", § 71, Title 28, U.S.C., 1946 Ed., and equivalent terms found in former removal statutes. See Reviser's Notes relative to § 1441 in Title 28 U.S.C.A. A

"civil action" is a civil suit. Whether a garnishment proceeding is a "suit" or civil action which may be removed, is a question upon which the courts are in disagreement.[1]

The generally accepted definition of the term "suit" is that of Chief Justice Marshall in Weston v. City of Charleston, 2 Pet. 449, 464, 7 L.Ed. 481. He said: "The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit. * * *" See, also, Gaines v. Fuentes, 92 U.S. 10, 19-20, 23 L.Ed. 524; Boom Co. v. Patterson, 98 U.S. 403, 407, 25 L.Ed. 206; Upshur County v. Rich, 135 U.S. 467, 474, 10 S.Ct. 651, 34 L.Ed. 196; Federal Housing Administration v. Burr, 309 U.S. 242, 245-247, 60 S.Ct. 488, 84 L.Ed. 724.

■ The Supreme Court, in the case last cited, in determining that the Federal Housing Administration, which could "sue or be sued," was subject to garnishment, said, at page 246 of 309 U.S., at page 491 of 60 S.Ct.: "But however it may be denominated, whether legal or equitable, and whenever it may be available, whether prior to or after final judgment, garnishment is a well-known remedy available to suitors." That case, we think, definitely settled the question whether garnishment is a suit or civil action within the meaning of those terms.

1. Cases expressly or inferentially sustaining removability of garnishment proceedings:
Tunstall v. Worthington, C.C.D.Ark., Fed.Cas.No.14,239; Citizens' Bank of Wichita v. Farwell, 8 Cir., 56 F. 570, 572-573; Logan v. Goodwin, 8 Cir., 104 F. 490, 493; Baker v. Duwamish Mill Co., C.C.W.D.Wash., 149 F. 612; Reed v. Bloom, D.C.W.D.Okl., 15 F.Supp. 7; Joski v. Short, D.C.W.D.Wash., 28 F. Supp. 821; London & Lancashire Indemnity Co. v. Courtney, 10 Cir., 106 F.2d 277, 283.

Cases sustaining nonremovability of such proceedings:
Buford & Co. v. Strother & Conklin, C. C.D.Iowa, 10 F. 406; Brucker v. Georgia Casualty Co., D.C.E.D.Mo., 14 F.2d 688; Lawley v. Whiteis, D.C.N.D.Okla., 24 F. Supp. 698; Lahman v. Supernaw, D.C. N.D.Okl., 47 F.2d 610; Toney v. Maryland Casualty Co., D.C.W.D.Va., 29 F. Supp. 785; American Automobile Insurance Co. v. Freundt, 7 Cir., 103 F.2d 613, 614-615.

■ Under the Constitution and laws of the United States, a citizen who is a party in a State court to a civil action which falls within the terms of the federal removal statute, has the right to have the action removed and heard by a United States Court. Kern v. Huidekoper, 103 U.S. 485, 491, 26 L.Ed. 354.

■ The question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law. Harrison v. St. Louis & San Francisco R. Co., 232 U.S. 318, 328–329, 34 S.Ct. 333, 58 L.Ed. 621; Donald v. Philadelphia & Reading Coal & Iron Co., 241 U.S. 329, 333, 36 S.Ct. 563, 60 L.Ed. 1027; Terral v. Burke Construction Co., 257 U.S. 529, 532, 42 S.Ct. 188, 66 L.Ed. 352; Commissioners of Road Improvement District v. St. Louis Southwestern Ry. Co., 257 U.S. 547, 557–558, 42 S.Ct. 250, 66 L.Ed. 364.

■ We therefore find it unnecessary to consider whether the Supreme Court of South Dakota regards a garnishment proceeding as auxiliary and ancillary to the main action or as an independent suit, a question as to which the parties disagree. If the question was important, we would, no doubt, be warranted in accepting the view of the District Court upon that doubtful question of local law. Northern Liquid Gas Co. v. Hildreth, 8 Cir., 180 F.2d 330, 336, and cases cited. That garnishment is an available remedy under South Dakota law is conceded.

The decision of the Supreme Court in the case of First Nat. Bank v. Turnbull & Co., 16 Wall. 190, 21 L.Ed. 296, which is largely responsible for the conflict of authority over the removability of garnishment proceedings, is inapplicable to this case. That decision held that a proceeding under a Virginia statute to try in a summary way the title to personal property which had been actually seized under an execution issued by a State court, was auxiliary to and a graft upon the original action and could not be removed. The limited scope of the decision in Bank v. Turnbull & Co. has been pointed out in Bondurant

v. Watson, 103 U.S. 281, 287, 26 L.Ed. 447, and in Krippendorf v. Hyde, 110 U.S. 276, 282, 48 S.Ct. 27, 28 L.Ed. 145.

■ Our conclusion is that the District Court acquired jurisdiction of this garnishment proceeding and was justified in enjoining the plaintiff from proceeding further in the State court.

The orders appealed from are affirmed.