George SWANSON, Plaintiff,

v.

Melvin SHARP, Defendant,

v.

LIBERTY NATIONAL INSURANCE COMPANY and Guaranty National Insurance Company, Garnishee Defendant.

Civ. No. F–15–63.

United States District Court
D. Alaska,
at Fairbanks.
Sept. 27, 1963.

Robert A. Parrish, Fairbanks, Alaska, for plaintiff.

R. J. McNealy, McNealy & Merdes, Fairbanks, for garnishee-defendant.

PLUMMER, District Judge.

This cause comes before the court on plaintiff's motion to remand to the Superior Court for the State of Alaska. The question presented by plaintiff's motion is whether garnishment proceedings commenced and pending in the State Superior Court may be removed to this court by garnishee-defendant.

On June 14, 1963, a judgment was entered in the Superior Court for the State of Alaska, Fourth Judicial District, in Cause No. 61–323, entitled George Swanson, Plaintiff, v. Melvin Sharp, Defendant, for the sum of $38,821.00, with interest thereon at 6% per annum from date of judgment, and costs of suit amounting to $429.17, together with attorney's fees of $4,732.10, making a total of $43,982.27.

Thereafter a writ of execution issued and a notice of levy was served on garnishee-defendant. No return having been made thereon plaintiff, on July 12, 1963, moved the court for the entry of an order pursuant to Rule 89(f), Rules of Civil Procedure, State of Alaska.[1] Included in plaintiff's motion was a request that judgment be entered against the said garnishee for any monies which were found to be due to the defendant Sharp from said garnishee, to-wit: $38,821.00, with interest at the rate of 6% per annum from June 14, 1963, costs of suit amounting to $429.17, together with attorney's fees of $4,732.10, making a total of $43,982.27 with interest accruing at the rate of $6.47 per day from June 14, 1963.

On July 22, 1963, the State Superior Court entered an order which in part required garnishee-defendant to serve upon plaintiff's attorney an appearance or defense to plaintiff's motion within 20 days after service of the order, exclusive of date of service, and providing that if

1. See copy of Rule 89(f), Rules of Civil Procedure, attached herein as Exhibit A.

garnishee-defendant failed to do so in compliance with the court's order, "judgment may be taken against you for the relief demanded in the motion."

Thereafter garnishee-defendant timely removed the action to this court. The petition for removal alleges diversity of citizenship and sets forth facts showing that the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs.

Plaintiff's motion to remand was filed on August 23, 1963. It is plaintiff's contention that since the present action arose out of a garnishment proceeding it is not subject to removal under § 1441 (a) of Title 28 U.S.C.A., and that it must therefore be remanded to the State Superior Court.

A discussion of the issue presented by plaintiff's motion to remand is found in Moore's Federal Practice, Second Edition, Vol. 1A, ¶ 0.167, § [12–3], pp. 1102–1105:

"If the plaintiff obtains judgment he may reach property of the judgment debtor in the hands of a third party through use of the garnishment process.. Where garnishment proceedings are first instituted after rendition of judgment, in aid of execution, the garnishee's right to remove depends upon whether the garnishment action is an independent suit, since for removal purposes an action must be independent, not supplementary.

"A notion has developed that the federal courts, in determining the removability of garnishment proceedings, are bound, under Erie R. Co. v. Tompkins [304 U.S. 64, 58 Sup.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938)] to adhere to the particular state's construction of its garnishment statute. Accordingly, perhaps the majority of lower federal courts have deferred to state court characterization of garnishment actions. Hence if state court decisions view garnishment proceedings as ancillary to the original suit, removal usually is not permitted; if garnishment is treated as an independent suit, removal is usually allowed if diversity and the other jurisdictional requisites are present.

"This does not seem to be the proper approach, although, of course, if the federal court had made an independent analysis, in many instances the federal characterization would have been the same as the state. It is true that state law fashions its garnishment proceeding, and a federal court should accordingly recognize this in determining the nature of the proceeding that the state has created. But the state *characterization* of the proceeding as ancillary or independent should not be controlling upon the federal court for the purpose of determining whether or not the proceeding is sufficiently an independent one for purposes of removal.

"The Supreme Court has squarely held that the right of removal under the federal statutes is to be determined under federal law by the federal courts and that classifications by the state courts can neither limit nor enlarge that right.[2] Thus the Eighth Circuit has properly held that the federal courts are not bound by state law classification of garnishment proceedings. Randolph v. Employers Mutual Liability Ins. Co. [260 F.2d 461 (8th Cir. 1958)] permitted removal of garnishment proceedings, notwithstanding that the proceedings were regarded as ancillary to the main suit under state law, holding that the garnishment

2. Chicago R. I. & P. R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1953) ; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941) ; Commissioners of Road Improvement District v. St. Louis S. W. Ry. Co., 257 U.S. 547, 42 S.Ct. 250, 66 L.Ed. 364 (1922) ; Harrison v. St. L. & San Francisco R. R., 232 U.S. 318, 34 S.Ct. 333, 58 L.Ed. 621 (1914).

was an independent 'civil action' within the contemplation of § 1441 (a)."

Section 1441(a) of Title 28 U.S.C.A., provides as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Section 1332 of Title 28 U.S.C.A., provides in part as follows:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States:

&ast; &ast; &ast; &ast; &ast; &ast;

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The garnishee proceedings provided by Rule 89(f), Rules of Civil Procedure, (attached hereto as Exhibit A) is a rule of practice and procedure promulgated by the Supreme Court of the State of Alaska under the authority of Art. 4, § 15 of the Alaska Constitution which provides in part:

"The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. &ast; &ast; &ast;"

Plaintiff in his memorandum in support of motion for remand, states in part as follows: "Alaska has no cases characterizing garnishment proceedings either as ancillary or independent." It would seem that the characterization of garnishment proceedings or the absence thereof, by the State of Alaska, is immaterial since § 1441(a) of Title 28 U.S.C.A., permits the removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction, except as otherwise expressly provided by Act of Congress. No such act has been called to the attention of the court.

An independent analysis of Rule 89(f), Rules of Civil Procedure, State of Alaska, leads me to the conclusion that the garnishment proceedings established thereby is an independent "civil action" within the contemplation of § 1441(a), Title 28 U.S.C.A.

I find that the present action was properly removed under § 1441(a) of Title 28 U.S.C.A. The garnishment proceeding is a civil action in which this court would have orginal jurisdiction under § 1332 of Title 28 U.S.C.A. Plaintiff's motion to remand is denied.[3]

## EXHIBIT A

89                    Civil Rules

(f) Garnishee Proceedings.

(1) *Order for Appearance—Service.* When a person is ordered to appear before the court to be examined as to any property or debt held by him belonging to a defendant, such person shall be known as the garnishee. The order shall state the time and place where the garnishee is to appear, shall be served upon the garnishee and return of service

---

3. Randolph v. Employers Mutual Liability Ins. Co. of Wis., 260 F.2d 461 (8th Cir. 1958); Stoll v. Hawkeye Casualty Co., 185 F.2d 96 (8th Cir. 1950); London & Lancashire Indemnity Co. v. Courtney, 106 F.2d 277 (10th Cir. 1939); Citizens' Bank of Wichita v. Farwell, 56 F. 570 (8th Cir.); Baker v. Duwamish Mill Co., 149 F. 612 (C.C.W.D.Wash.); Logan v. Goodwin, 104 F. 490 (8th Cir.); Tunstall v. Worthington, Fed.Cas.No.14,-239 (C.C.D.Ark.); Joski v. Short, 28 F. Supp. 821 (W.D.Wash.); Reed v. Bloom, 15 F.Supp. 7 (W.D.Okl.).

made in the manner provided for service of summons and return thereof in Rule 4.

(2) *Failure to Appear—Default.* When a garnishee fails to appear in compliance with the order, the court on motion may compel him to do so.

(3) *Discovery.* After entry of the order mentioned in subdivision (1), plaintiff may utilize the rules of discovery under the supervision of the court with respect to all matters relating to property of the defendant believed to be in the possession of the garnishee. The consequences of the garnishee's failure or refusal to make discovery shall be governed by these rules.

(4) *Trial of Issues of Fact.* Issues of fact arising between the plaintiff and the garnishee shall be resolved and disposed of in accordance with these rules as in the case of issues of fact arising between plaintiff and defendant. Witnesses, including the defendant and garnishee, may be required to appear and testify as upon the trial of an action.

(5) *Judgment Against Garnishee.* If it shall be found that the garnishee, at the time of service of the writ of attachment and notice, had any property of defendant liable to attachment beyond the amount admitted in his statement, or in any amount if a statement is not furnished, judgment may be entered against the garnishee for the value of such property in money. At any time before judgment, the garnishee may be discharged from liability by delivering, paying or transferring the property to the peace officer.

(6) *Order Restraining Garnishee.* At the time of the application by plaintiff for the order provided for in subdivision (1), and at any time thereafter and prior to the entry of judgment against the garnishee, the court may enter an order restraining the garnishee from paying, transferring, or in any manner disposing of or injuring any of the property of the defendant alleged by the plaintiff to be in the garnishee's possession or control, or owing by the garnishee to the defendant. Disobedience of such order may be punished as a contempt.

(7) *Execution.* Execution may issue upon a judgment against a garnishee as upon a judgment between plaintiff and defendant, and costs and disbursements shall be allowed and recovered in like manner.