Georgia HAYES, Plaintiff,

v.

**PHARMACISTS MUTUAL INSURANCE CO., Defendant.**

No. 03–0491–CV–W–ODS.

United States District Court, W.D. Missouri, Western Division.

Aug. 5, 2003.

Bradley Kent Kavanaugh, Michael S. Ketchmark, Scott A. McCreight, Davis, Ketchmark, Eischens & McCreight, PC, Grant L. Davis, Timothy L. Brake, Kansas City, MO, for Plaintiff.

E. Dudley Smith, James E. Schwartze, Fisher, Patterson, Sayloer & Smith, LLP, Overland Park, KS, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

SMITH, District Judge.

Pending is Plaintiff's Motion to Remand, which raises a variety of jurisdictional and other arguments. The Court concludes that federal jurisdiction exists, but the Notice of Removal was not filed in a timely manner. Therefore, the motion (Doc. # 3) is granted, and the case is remanded to Jackson County Circuit Court.[1]

### I. BACKGROUND

On August 16, 2001 Georgia Hayes ("Hayes") filed a lawsuit in state court against Robert Courtney ("Courtney") and others. Courtney was insured by Defendant. The case proceeded to trial on October 3, 2002, and a jury awarded Hayes over $2 billion. The judgment was later reduced to just over $315 million.

On February 19, 2003, Hayes filed a Request for Writ of Garnishment, which was served on Defendant on March 27, 2003. On April 25, Defendant responded to the accompanying interrogatories by indicating it did not have any assets responsive to the Writ. Hayes filed exceptions on May 2, 2003, and Defendant responded to the exceptions on May 12. On June 3, 2003, Defendant removed the garnishment proceeding to federal court, alleging a diversity of citizenship and a dispute over more than $75,000. Within thirty days, Hayes filed her Motion to Remand.

### II. DISCUSSION

#### A. Jurisdictional Issues Versus Procedural Issues

At the outset, it is useful to keep in mind the difference between jurisdictional and

---

1. The Court expressly refrains from ruling Defendant's Motion to Quash; this is a matter that can best be addressed by the state court.

procedural issues. Jurisdictional issues must be addressed by the Court, and must be addressed before any other issues. On the other hand, "[a] procedural defect in removal, such as untimeliness, does not affect the federal court's jurisdiction . . . ." *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir.1996).

### B. Jurisdiction

 In response to many of Hayes' arguments (which, in the interest of brevity, will not be detailed) Defendant has argued that a garnishment proceeding is separate from the original suit from which it arose. The Court agrees both with this characterization and most of Defendant's arguments as to the effect of this characterization. *E.g., Webb v. Zurich Ins. Co.*, 200 F.3d 759, 760 (11th Cir.2000); *Randolph v. Employers Mut. Liab. Ins. Co. of Wis.*, 260 F.2d 461, 463–65 (8th Cir.1958), *cert. denied*, 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573 (1959); *Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa*, 185 F.2d 96, 98–99 (8th Cir.1950). Hayes seeks to place Defendant on the horns of a dilemma, arguing that if this is characterized as a distinct suit against the insurer, then 28 U.S.C. § 1332(c)(1) requires Defendant to assume Courtney's state of citizenship for diversity purposes, thereby destroying diversity of citizenship and eliminating federal jurisdiction. The Court does not agree that section 1332 applies in this case.

The relevant provision declares that

in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

On the surface, it would appear that this garnishment proceeding is a direct action against the insurer. However, "direct action" is a term of art, and an understanding of that term demonstrates that this is not a direct action within the meaning of the statute.

Courts have uniformly recognized that section 1332(c) "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." *Home Indemnity Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir.1974); *see also Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir.1974). Courts have further recognized that in employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir.1979) (quotation omitted).

This garnishment proceeding is not a direct action. Hayes is not suing the insurer in order to establish Courtney's liability to her; she established Courtney's liability in a proceeding against Courtney. In this proceeding, Hayes does not litigate any claim she has against Courtney, but only claims she has against his insurer. This case is not a direct action against the insurer within the meaning of section 1332(c), so diversity of citizenship and, consequently, federal jurisdiction, are both present.

### C. Timeliness of Removal

Having established that the Court has subject matter jurisdiction, Hayes' various procedural arguments must be considered.

The Court agrees that one of them is meritorious, and it is this issue that will be discussed in detail.

■ 28 U.S.C. § 1446(b) requires that "[t]he notice of removal of a civil action *or proceeding* shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." (emphasis supplied). Hayes argues the Notice of Removal was untimely because it was not filed within thirty days of Defendant's receipt of notice of the garnishment proceeding (which occurred on March 27, 2003). Defendant argues the Notice of Removal was timely because it was filed within thirty days of Hayes' exceptions being filed. The Court agrees with Hayes on this point.

■ "The question whether a civil action is removable and has been properly removed is one for the consideration of the federal courts and is not controlled by State law." *Stoll*, 185 F.2d at 99. Nonetheless, it is necessary to reference state law in order to understand the nature of the proceeding in question. In Missouri, garnishment proceedings are governed both by statute and rule, with the two often replicating the other's provisions. Upon the garnishor's request, the court clerk issues a writ of garnishment to the garnishee. Mo. R. Civ. P. 90.02. The garnishor is also required to submit written interrogatories, asking the garnishee to (among other things) list and describe property subject to garnishment in the garnishee's possession. Mo. R. Civ. P. 90.07(a). The garnishor then has ten days to file exceptions to the garnishee's interrogatory answers; the garnishee's answers are binding on the garnishor if the garnishor fails to file exceptions. Mo. R. Civ. P. 90.07(c). If the garnishee fails to respond to the interrogatories, the court is to order the garnishee to respond; a subsequent failure to do so may "subject the garnishee to a finding that the garnishee is in default, and the garnishor may take judgment by default against the garnishee." Mo. R. Civ. P. 90.08; *see also,* Mo. Rev.Stat. § 525.140. Section 525.190 of the Revised Missouri Statutes provides this summary of the procedure:

> The plaintiff may deny the answer of the garnishee, in whole or in part, without oath. In all cases where the answer of the garnishee is denied, the denial shall contain, specifically, the grounds upon which a recovery is sought against the garnishee; and the garnishee shall be entitled to a reply, and the issue or issues made upon the denial and reply shall be the sole issue or issues tried, and the issue or issues shall be tried as ordinary issues between plaintiff and defendant.

The Court has previously acknowledged that a garnishment is a proceeding subject to removal by the procedures specified in section 1146; the critical question is: when is it removable? Section 1446 specifies that it must be removed within thirty days after the defendant receives (by service or otherwise) "a copy of the ... pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The Court concludes the Writ of Garnishment qualified as that document. The Writ puts the garnishee on notice of the proceeding, identifies the opposing party, sets forth the basis for the proceeding, and specifies the amount sought. Consistent with Missouri law, the Writ also warns the garnishee that failure to respond may expose it to liability for the full amount sought. Thus, the writ effectively commences the proceedings just as a complaint/petition would; both documents identify the claimant, the basis for the claim and (in most cases) the amount sought.

Defendant relies upon decisions from the Eastern District of Missouri that hold the time for removal does not commence until the garnishor files exceptions to the garnishee's answer. The primary decision—or, at least, the one upon which the others relied—is *Taylor v. Black,* 258 F.Supp. 82 (E.D.Mo.1966). In that case the court relied heavily upon Missouri's procedure for garnishment cases, particularly those provisions declaring that the issues to be tried were those raised in the garnishor's exceptions and the garnishee's response. 258 F.Supp. at 84. The undersigned acknowledges the logic of Judge Regan's description of Missouri proceedings, but respectfully does not believe it relevant to the issue at hand. Just as federal law governs whether an action is civil in nature, so too must federal law govern application of the federal statute setting forth the procedure for removal. While Missouri may follow a detailed procedure for processing garnishments that effectively narrows the issues between the filing of the initial request and the garnishor's final response to the garnishee's exceptions, this procedure does not dictate its character for purposes of removal. The proceeding starts with the issuance of a Writ of Garnishment, and the proceeding is removable if upon its service it contains the information necessary to determine that federal jurisdiction exists. This occurred on on March 27, 2003, and Defendant did not remove the case within the thirty days following that date.

## III. CONCLUSION

The Court has subject matter jurisdiction over this proceeding. However, Defendant did not seek removal within the time limits specified in 28 U.S.C. § 1446 and Hayes filed a timely objection to the removal. Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is remanded to state court due to a procedural defect in the removal process.

IT IS SO ORDERED.