**JOSKI v. SHORT (HARDWARE MUT. CASUALTY CO., Garnishee).**

**No. 67.**

District Court, W. D. Washington, S. D.

Aug. 21, 1939.

Robert B. Abel, of Tacoma, Wash., for plaintiff.

Eggerman & Rosling, of Seattle, Wash., for garnishee defendant.

YANKWICH, District Judge.

The sole question involved is whether, diversity of citizenship and jurisdictional minimum being present, a garnishment proceeding brought in the State courts can be removed to the Federal Court.

Garnishments are usually considered ancillary remedies in aid of a main action. 28 C.J. 17, 18. However, under the statutes of the State of Washington they are distinct suits which partake of the nature of an adversary controversy, under pleadings joining issue and requiring a judgment, to which the statutes relating to change of venue and appeals apply. Remington's Revised Statutes of Washington, Sections 682–704.

Early in the State's legal history this unique character of garnishment proceedings was recognized. Said the court in State ex rel. Wyman, Partridge & Co. v. Superior Court, 1905, 40 Wash. 443, 449, 82 P. 875, 876, 2 L.R.A.,N.S., 568, 111 Am. St.Rep. 915, 5 Ann.Cas. 775, speaking through Mr. Justice Rudkin, who later became a judge of the Ninth Circuit Court of Appeals: "A garnishment proceeding is neither more nor less than an action by the defendant against the garnishee for the use of the plaintiff. It possesses all the elements of any other action." This decision has been followed consistently. See Tatum v. Geist, 1905, 40 Wash. 575, 82 P. 902; Baker v. Duwamish Mill Co., 1906, C.C., 149 F. 612; Morris & Co. v. Canadian Bank of Commerce, 1917, 95 Wash. 418, 426, 163 P. 1139; State ex rel. Stewart & Holmes Drug Company v. Superior Court, 1912, 67 Wash. 321, 121 P. 460; State ex rel. Gamble v. Superior Court, 1937, 190 Wash. 127, 66 P.2d 1135. And see Citizens Bank of Wichita v. Farwell, 1893, 8 Cir., 56 F. 570, and Logan v. Goodwin, 1900, 8 Cir., 104 F. 490, arising under Kansas statute.

While purely ancillary proceedings are not "suits of a civil nature" under the removal statute (28 U.S.C.A. § 71; Bank v. Turnbull & Co., 1872, 16 Wall. 190, 83 U.S. 190, 21 L.Ed. 296; Coeur d'Alene R. & Nav. Co. v. Spalding, 1899, 9 Cir., 93 F. 280), actions which are adversary in nature are such under the broad interpretation which courts now put upon the words "civil suits at common law", in the judicial code, 28 U.S.C.A. § 41(1).

As said in Milwaukee County v. M. E. White Co., 1935, 296 U.S. 268, 270, 271, 56 S.Ct. 229, 231, 80 L.Ed. 220:

"By section 24(1) of the Judicial Code, 28 U.S.C., § 41(1), 28 U.S.C.A. § 4(1), district courts are given original jurisdiction 'of all suits of a civil nature, at common law or in equity,' where there is the requisite diversity of citizenship and the

amount in controversy exceeds $3,000. In this grant of jurisdiction of causes arising under state as well as federal law the phrase 'suits of a civil nature' is used in contradistinction to 'crimes and offenses,' as to which the jurisdiction of the District Courts is restricted · by section 24(2), 28 U.S.C.A. § 41(2), to offenses against the United States. Thus, suits of a civil nature within the meaning of the section are those which do not involve criminal prosecution or punishment, and which are of a character traditionally cognizable by courts of common law or of equity. Such are suits upon a judgment, foreign or domestic, for a civil liability, of a court having jurisdiction of the cause and of the parties, which were maintainable at common law upon writ of debt, or of indebitatus assumpsit."

 Garnishment proceedings under Washington statutes, being adversary suits which call for "a judgment independent of the main case" (Morris & Co. v. Canadian Bank of Commerce, supra, 95 Wash. at page 425, 163 P. at page 1141), are as clearly suits of civil nature as ordinary actions upon a judgment.

The motion to remand is denied.