973 P.2d 1037 (1999)
137 Wash.2d 632
Certification from the United States District Court for the Eastern District of Washington in
Percy WATKINS, Casey Blake, and Diane Bohnet, Plaintiffs,
v.
PETERSON ENTERPRISES, INC., d/b/a Valley Empire Collection, Defendant.
No. 66547-8.
Supreme Court of Washington, En Banc.
Argued September 24, 1998.
Decided April 1, 1999.
*1040 Michael Beyer, Spokane, for Defendant.
Timothy Durkop, Michael Kinkley, Spokane, for Plaintiffs. *1038
*1039 MADSEN, J.
In an action alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692o, the U.S. District Court for the Eastern District of Washington certified three questions relating to whether RCW 6.27 allows a creditor to recover attorney fees and taxable costs when filing successive writs of garnishment absent a judgment against the garnishee. Plaintiffs Percy Watkins and Diane Bohnet maintain that the statute not only precludes automatic and cumulative recovery of such costs, particularly where a writ is unsuccessful, but also that a creditor must obtain a separate judgment against a garnishee in order to collect the additional costs resulting from subsequent filings. Peterson Enterprises, Inc. (PEI) counters that the statute presumes a creditor *1041 will recover the attorney fees and costs on every writ, and that obtaining a separate judgment is unnecessary and merely elective for a creditor. We conclude that in order to collect attorney fees and costs where several writs of garnishment are filed, a creditor must utilize the judgment procedures provided by the statute.

STATEMENT OF CASE
The parties stipulated to an Agreed Pretrial Order (APO) which set forth the facts on which we rely. PEI initially obtained separate default judgments against Plaintiffs Watkins and Bohnet, who were respectively notified of their individual debts in 1995 and 1989. Neither Mr. Watkins nor Ms. Bohnet disputed the alleged debts. After several written and telephone contacts with each of them, PEI commenced actions against Mr. Watkins and Ms. Bohnet, seeking judgments on the principal debts and prejudgment interest. Service of process was perfected and default judgments were entered by Spokane County District Court against Mr. Watkins and Ms. Bohnet. The default judgments specifically provided for the collection of the principal debt owing, interest, filing fee, cost of service of process fee, and statutory attorney fees. The amount of each default judgment included the costs associated with filing a single writ of garnishment.
PEI's attempt to collect on the default judgments involved filing several writs of garnishment against the Plaintiffs' various employers and banks. PEI attempted to collect the attorney fees and costs associated with each writ of garnishment on a cumulative basis, regardless of whether the garnishee employer or garnishee bank answered and/or indicated that it actually held property or funds owing to the Plaintiffs. Rather than obtaining judgments on each of the writs, PEI obtained "pay orders" that required remittance of the new amount into court and reflected both the underlying judgment and the additional costs associated with the subsequent writs.
With regard to Mr. Watkins, PEI filed a total of three writs of garnishment against his employer and credit union. To the first writ of garnishment against Mr. Watkins' employer, New Hope Church of Spokane (New Hope), PEI received no answer. Instead of obtaining a default judgment against New Hope, however, PEI conducted an additional asset examination that revealed Mr. Watkins held funds at Telco Credit Union (Telco). PEI filed and served two writs of garnishment against Telco, which timely answered and withheld funds from Mr. Watkins' account to satisfy the amount requested by PEI. Mr. Watkins did not controvert either of Telco's answers to PEI's writs of garnishment. In addition to recovering the original amount of the default judgment against Mr. Watkins, PEI also collected the attorney fees and costs related to all three writs of garnishment through use of a pay order.
With regard to Ms. Bohnet, PEI filed a total of six writs of garnishment against her employer and banks. The first writ against U.S. Bank was dismissed without payment. PEI then filed four writs against Ms. Bohnet's employer, Red Lion Inn (Red Lion). Red Lion provided different answers to each writ, indicating at first that it would hold funds. PEI obtained a pay order for the first two writs issued against Red Lion but did not recover any funds pursuant to that order. One of the writs against Red Lion was dismissed based upon an installment agreement entered into by Ms. Bohnet. In response to the other three writs, however, Red Lion answered that either no funds were owing to Ms. Bohnet or that no garnishable wages were available.
PEI then filed a sixth writ of garnishment against First Interstate Bank which included the attorney fees and costs associated with the previous, unsuccessful writs. This last writ was dismissed by agreement of the parties.
The principal action in this suit was filed on November 1, 1996, in U.S. District Court for the Eastern District of Washington. On March 7, 1997, the U.S. District Court denied PEI's Motion and Plaintiffs' Cross-Motion for Summary Judgment based upon "lack of law, insufficiency of law and facts before the Court." APO at 17. On September 5, 1997, the U.S. District Court denied the parties' *1042 request for certification to this court on a similar basis. Finally, on December 27, 1997, the parties stipulated to additional facts set forth in the Agreed Pretrial Order, giving rise to the following certified questions from the U.S. District Court:

CERTIFIED QUESTIONS
1. If a judgment creditor serves a writ of garnishment upon a garnishee defendant, and the garnishee defendant answers the writ in a timely manner indicating either that it owes a debt to the judgment debtor or that it holds personal property belonging to the judgment debtor, and the judgment debtor does not controvert the garnishee's answer, may the judgment creditor recover from the garnishee defendant the amount authorized by RCW 6.27.250(1), including the costs listed in RCW 6.27.090(2), if the judgment creditor does not obtain a judgment against the garnishee defendant pursuant to RCW 6.27.250(1)?
2. If a judgment creditor serves a writ of garnishment upon a garnishee defendant, and the garnishee defendant answers the writ in a timely manner indicating that it does not owe a debt to the judgment debtor and that it does not hold personal property belonging to the judgment debtor, and the judgment creditor does not controvert the garnishee defendant's answer, may the judgment creditor recover from the judgment debtor the costs listed in RCW 6.27.090(2)?
3. If a judgment creditor serves a writ of garnishment upon a garnishee defendant, and the garnishee defendant does not answer the writ in a timely manner, and the judgment creditor does not obtain a default judgment against the garnishee defendant pursuant to RCW 6.27.200, may the judgment creditor recover from the judgment debtor the costs listed in RCW 6.27.090(2)?

DISCUSSION
At issue is whether RCW 6.27 permits a judgment creditor (creditor) to recover attorney fees and costs where several writs of garnishment are filed against various garnishee defendants (garnishee) to collect on a single judgment rendered against a judgment debtor (debtor) in the following circumstances: (1) where a creditor elects not to obtain a judgment against the garnishee; (2) where a writ of garnishment is "unsuccessful"; and (3) where a creditor chooses not to obtain a default judgment against a garnishee who does not answer a writ.
RCW 6.27 outlines specific procedures for issuance and enforcement of a writ of garnishment. RCW 6.27.060 and .070. The writ serves as the mechanism initiating an action against a garnishee, directing the garnishee to answer whether it holds funds or property owing to the debtor. RCW 6.27.100. Moreover, the writ serves as notice to both the debtor and the garnishee, and consequently gives each party an opportunity to defend. RCW 6.27.100; RCW 6.27.140. That is, a garnishee is accorded the same rights as any other party to assert defenses in response to either a creditor's writ of garnishment, or a debtor's subsequent controversion of its answer to the writ or other challenge. See generally RCW 6.27.190 through .320; see also THEODORE R. SMITH, COLLECTION OF ACCOUNTS: THE LAW IN WASHINGTON § 3-11, at 25 (1981); JOAN F. GARRETT, THE LAW OF ATTACHMENT & GARNISHMENT 4-5 (1995).
The purpose of the garnishment statute, as stated in RCW 6.27.005, is to enforce the obligations of debtors. The Legislature recognizes that a garnishee defendant has no responsibility for the situation leading to the garnishment of a debtor's wages, funds, or other property, and that the state should take reasonable measures to reduce or offset the administrative burden on the garnishee defendant. RCW 6.27.005.[1]
*1043 The "administrative burden" on a garnishee refers to the adversarial nature of the garnishment proceeding, which is essentially an ancillary action to the principal suit between a creditor and a debtor. Morris & Co. v. Canadian Bank of Commerce, 95 Wash. 418, 163 P. 1139 (1917) (garnishment proceedings are statutory in nature, constituting an adversary proceeding for the purpose of determining the respective rights of the parties to it); State ex rel. Wyman, Partridge & Co. v. Superior Court, 40 Wash. 443, 449, 82 P. 875 (1905) ("garnishment proceeding is neither more nor less than an action by the defendant against the garnishee for the use of the plaintiff"); Tatum v. Geist, 40 Wash. 575, 82 P. 902 (1905) (while garnishment is ancillary action, it is a proceeding within meaning of statute regulating appeals to the court); Joski v. Short, 28 F.Supp. 821 (W.D.Wash.1939) (garnishment is distinct suit involving pleadings and requiring judgment to which statutes relating to change of venue and appeals apply).
The garnishment proceeding is adversarial in the sense that a creditor takes action against a garnishee, but only to satisfy an underlying claim against a debtor. Morris, 95 Wash. 418, 163 P. 1139. The proceeding is also ancillary in that the court's subject matter jurisdiction is based on the validity of the principal action against the debtor. Bour v. Johnson, 80 Wash.App. 643, 910 P.2d 548 (1996) (garnishment action not original action, as it is ancillary and dependent upon a principal action between debtor and creditor); see also Hillman v. Gray, 163 Wash. 406, 1 P.2d 318, 75 A.L.R. 1356 (1931); State ex rel. Pioneer Mining & Ditch Co. v. Superior Court, 108 Wash. 183, 183 P. 74 (1919); Great Western Theatre Equip., Inc. v. First Nat'l Bank, 170 Wash. 241, 16 P.2d 459 (1932). Even though ancillary, garnishment is akin to a distinct suit, characterized by pleadings and requiring judgments usually independent of the principal action.[2]
Because the statutory provisions authorizing issuance and enforcement of a writ are central to the garnishment processconstituting notice, ordering the entry of pleadings, and providing an opportunity for a hearingwe interpret those statutory provisions in relation to each other and consistent with the legislative intent to protect a garnishee's interest. City of Seattle v. Fontanilla, 128 Wash.2d 492, 909 P.2d 1294 (1996) (consider all act's provisions in relation to each other, and, if possible, harmonize the provisions to ensure proper construction). It is within this context that we address the certified questions.

1. Judgment creditor did not obtain judgment against garnishee.
With respect to Watkins, PEI filed three writs of garnishment, one against New Hope Church and two against Telco Credit Union. Rather than obtaining judgments on these writs PEI obtained a "pay-order" for not only the amount held by Telco, but also for the attorney fees and filing costs associated with all three writs. PEI defends its collection practice, contending that the fees and costs associated with the writ of garnishment are recoverable for each writ it files, regardless of whether a judgment is obtained on the writs. Specifically, PEI argues that, pursuant to RCW 6.27.090, recovery of these amounts is automatic and cumulative.
Garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute. Morris & Co. v. Canadian Bank of Commerce, 95 Wash. 418, 163 P. 1139 (1917); Boundary Dam Constructors v. Lawco Contractors, Inc., 9 Wash.App. 21, 510 P.2d 1176 (1973). Our analysis of the relevant provisions relating to the writ of garnishment must begin with the plain language of the statute. See, e.g., Senate Repub. Campaign Comm. v. Public Disclosure Comm'n, 133 Wash.2d 229, 241-43, 943 P.2d 1358 (1997). RCW 6.27.090 provides:
(1) The writ of garnishment shall set forth in the first paragraph the amount that garnishee is required to hold, which shall be an amount determined as follows:

*1044 (a)(i) If after judgment, the amount of the judgment remaining unsatisfied plus interest to the date of garnishment, as provided in RCW 4.56.110, plus taxable costs and attorney's fees, or (ii) if before judgment, the amount prayed for in the complaint plus estimated taxable costs of suit and attorneys' fees, together with, (b) whether before or after judgment, estimated costs of garnishment as provided in subsection (2) of this section. The court may, by order, set a higher amount to be held upon a showing of good cause by plaintiff.
(2) Costs recoverable in garnishment proceedings, to be estimated for purposes of subsection (1) of this section, include filing fee, service and affidavit fees, postage and costs of certified mail, answer fee or fees, and a garnishment attorney fee in the amount of the greater of fifty dollars or ten percent of (a) the amount of the judgment remaining unsatisfied or (b) the amount prayed for in the complaint. The garnishment attorney fee shall not exceed two hundred fifty dollars.
This section of RCW 6.27 provides for the collection of attorney fees and costs where a creditor files a writ of garnishment. There is no language specifying whether judgment on the writ is a prerequisite to recovery of the attorney fees and costs. Nor does RCW 6.27.090 address whether the costs may be cumulated if more than one writ is filed to collect a single judgment. PEI urges this court to read this statutory silence as not only permitting its collection practices, but also indicating the Legislature's recognition that a creditor may choose the amount and method of collecting the attorney fees and filing costs relating to successive writs.
Contrary to PEI's broad interpretation, this section of the statute refers only to the amount a garnishee is required to "hold" and that the "[c]osts recoverable in garnishment proceedings" are to be "estimated." RCW 6.27.090(2). Although the section provides that a creditor may estimate the recoverable costs, including the attorney fees and filing costs relating to a writ of garnishment, it refers to these amounts as "[c]osts recoverable in garnishment proceedings". RCW 6.27.090(2). Indeed, the specific reference to "garnishment proceedings" not only in RCW 6.27.090, but also throughout RCW 6.27, suggests that the "estimated" costs under RCW 6.27.090(2) are recoverable only through the procedures provided for in RCW 6.27.
RCW 6.27.200 and .250 provide the creditor with the right to obtain a judgment or default judgment against the garnishee for the amounts owed by the debtor:
If the garnishee fails to answer the writ within the time prescribed in the writ, after the time to answer the writ has expired and after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant, it shall be lawful for the court to render judgment by default against such garnishee, after providing a notice to the garnishee by personal service or first class mail deposited in the mail at least ten calendar days prior to entry of the judgment, for the full amount claimed by the plaintiff against the defendant, or in case the plaintiff has a judgment against the defendant, for the full amount of the plaintiff's unpaid judgment against the defendant with all accruing interest and costs as prescribed in RCW 6.27.090: PROVIDED, That upon motion by the garnishee at any time within seven days following service on, or mailing to, the garnishee of a copy of a writ of execution or a writ of garnishment under such judgment, the judgment against the garnishee shall be reduced to the amount of any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served, plus the cumulative amount of the nonexempt earnings subject to the lien provided for in RCW 6.27.350, or the sum of one hundred dollars, whichever is more, but in no event to exceed the full amount claimed by the plaintiff or the amount of the unpaid judgment against the principal defendant plus all accruing interest and costs and attorney's fees as prescribed in RCW 6.27.090, and in addition the plaintiff shall be entitled to a reasonable attorney's fee for the plaintiff's response to the garnishee's motion to reduce said judgment against the garnishee under this proviso *1045 and the court may allow additional attorney's fees for other actions taken because of the garnishee's failure to answer.
RCW 6.27.200.
(1) If it appears from the answer of the garnishee or if it is otherwise made to appear that the garnishee was indebted to the defendant in any amount, not exempt, when the writ of garnishment was served, and if the required return or affidavit showing service on or mailing to the defendant is on file, the court shall render judgment for the plaintiff against such garnishee for the amount so admitted or found to be due to the defendant from the garnishee, unless such amount exceeds the amount of the plaintiff's claim or judgment against the defendant with accruing interest and costs and attorney's fees as prescribed in RCW 6.27.090, in which case it shall be for the amount of such claim or judgment, with said interest, costs, and fees.
If it shall appear from the answer of the garnishee and the same is not controverted, or if it shall appear from the hearing or trial on controversion or by stipulation of the parties that the garnishee is indebted to the principal defendant in any sum, but that such indebtedness is not matured and is not due and payable, and if the required return or affidavit showing service on or mailing to the defendant is on file, the court shall make an order requiring the garnishee to pay such sum into court when the same becomes due, the date when such payment is to be made to be specified in the order, and in default thereof that judgment shall be entered against the garnishee for the amount of such indebtedness so admitted or found due. In case the garnishee pays the sum at the time specified in the order, the payment shall operate as a discharge, otherwise judgment shall be entered against the garnishee for the amount of such indebtedness, which judgment shall have the same force and effect, and be enforced in the same manner as other judgments entered against garnishees as provided in this chapter: PROVIDED, That if judgment is rendered in favor of the principal defendant, or if any judgment rendered against the principal defendant is satisfied prior to the date of paymentspecified in an order of payment entered under this subsection, the garnishee shall not be required to make the payment, nor shall any judgment in such case be entered against the garnishee.
RCW 6.27.250.
PEI argues that even though the statute refers to judgment procedures, these procedures are not mandated. PEI believes that RCW 6.27.250 provides a creditor the option of obtaining either a judgment or a pay order to collect from a garnishee. Because RCW 6.27.250(1) does not specify how a judgment is to be paid or collected, PEI believes that the reference to an "order" in RCW 6.27.250(2) allows a creditor to bypass the judgment procedures and instead opt for a "pay order" to collect on the writ of garnishment. PEI's argument rests primarily on the language in section (2): "[if] such indebtedness is not matured and is not due and payable ... the court shall make an order requiring the garnishee to pay such sum into court...." RCW 6.27.250(2). We decline to read that language as implying that a judgment is elective. RCW 6.27.250(2) is not an alternative to RCW 6.27.250(1). Rather, section (2) applies only where a garnishee has either admitted its indebtedness or has been found by the court to be indebted to the principal defendant and the garnishee's indebtedness has not yet matured. In such case, the statute provides for use of an "order" directing the garnishee to pay the anticipated debt into court. Payment of the debt pursuant to the order serves as a discharge of the garnishee.
The circumstances under which the court is authorized to order payment into the court are not present in this case. Thus, RCW 6.27.250(2) does not apply. Additionally, the statute does not direct payment of an unmatured debt to the creditor but, rather, to the court which then determines whether a judgment has been rendered in favor of the principal defendant or the underlying judgment has otherwise been satisfied.[3] Here, *1046 PEI incorrectly used an "order" against Mr. Watkins' credit union and Ms. Bohnets' employer since the alleged debts owing to Mr. Watkins and Ms. Bohnet were mature, rendering section (2) inapplicable. Moreover, rather than requiring payment of the alleged debt into court, in the case of Mr. Watkins, the pay order obtained by PEI allowed it to receive the payment directly from the credit union. As a result, even if this section could be applied in the case of a mature debt, the statutory protections outlined in RCW 6.27.250(2) would not have been afforded to the principal defendant or to the garnishee. PEI's reading of RCW 6.27.250(1) and (2) would allow a creditor to avail itself of the remedy provided by RCW 6.27, but to circumvent the statutory procedures provided therein. In light of the traditionally strict construction applied to garnishment statutes we do not agree with PEI's extremely broad reading of the statutes.
Because RCW 6.27.250(2) is simply not at issue in this case, and does not in any event support PEI's practice, we decline further consideration of this statutory provision.
The relevant statutes in this case, RCW 6.27.200 and RCW 6.27.250(1), provide that upon a proper showing by a creditor, a court must enter either a default judgment against, or a judgment in the amount held by a garnishee. Execution may be made on the judgment entered against the garnishee defendant in the same manner as execution upon any other judgment. RCW 6.27.260. A creditor who chooses to avail itself of the garnishment processapplying, filing, serving, and seeking the costs associated with the writ of garnishmentfor the purpose of recovering an outstanding debt from the defendant debtor must utilize the methods of enforcement specifically provided for in the statute. Boundary Dam Constructors, 9 Wash.App. 21, 510 P.2d 1176; cf. Hatfield v. Greco, 87 Wash.2d 780, 557 P.2d 340 (1976) (where statute prescribes special procedures, summary in nature, and in derogation of the common law, the method of procedure must be strictly observed).
Further, given the precise directions set forth in RCW 6.27, it is unlikely that the Legislature intended that the procedures set forth could be wholly disregarded at the creditor's option. See State v. Burke, 92 Wash.2d 474, 598 P.2d 395 (1979) (primary task of court in statutory construction is to ascertain purpose of statute and avoid unlikely, absurd or strained consequences).
Next, although PEI acknowledges that RCW 6.27 does not mention the pay order approach which it employs, it nevertheless argues that its collection method is more convenient and that obtaining a judgment is unnecessary because a debtor, such as Watkins, has an opportunity to dispute the writ by controverting a garnishee's answer. PEI also argues that its practice of obtaining a "pay order" was proper since the district court reviewed and signed the "pay order" request, which listed the additional attorney fees and filing costs associated with the successive writs.
PEI relies on three cases from Divisions I and III for the proposition that obtaining court "pay orders" is permissible under RCW 6.27. See Blair v. GIM Corp., Inc., 88 Wash.App. 475, 945 P.2d 1149 (1997) (judgment debtors not required to file an affidavit in order to controvert garnishee's answer); Allstate Ins. Co. v. Khani, 75 Wash.App. 317, 877 P.2d 724 (1994) (holding that court has nondiscretionary authority to vacate void judgment); Lindgren v. Lindgren, 58 Wash. App. 588, 794 P.2d 526 (1990) (default judgment properly vacated since defaulting party not properly served). Those cases are not on point as they refer to only a debtor's flexible right to controvert the answer of a garnishee and a court's ability to vacate an erroneous judgment or a default judgment.
To the extent that those cases do discuss the award of attorney fees and costs, however, they underscore the principle that the garnishment statute should be strictly *1047 construed against the party seeking the remedy and that the statutory methods of enforcement, such as obtaining a judgment or default judgment, must be used. Since garnishment is an extraordinarily harsh remedy, with specific procedures relating to filing, notice, and enforcement, the party seeking the remedy must follow those exclusive methods provided in the statute.
PEI insists, however, that the convenience of obtaining a "pay order" rather than a judgment is consistent with the public policy and legislative intent of RCW 6.27.005. PEI believes that requiring a creditor to obtain a judgment would undermine the legislative intent of RCW 6.27 because a judgment would be burdensome for a garnishee to defend.
Contrary to PEI's view, however, the opportunity to defend is not burdensome. Rather, it is a procedural safeguard to protect the garnishee's interest against both a creditor and debtor. Obtaining a judgment or default judgment provides the garnishee an opportunity to challenge the garnishment proceeding that a creditor has initiated. Moreover, a garnishee's payment under a judgment is sufficient defense against a debtor who later asserts a claim on the indebtedness against the garnishee. RCW 6.27.300; Portland Ass'n of Credit Men, Inc. v. Earley, 42 Wash.2d 273, 254 P.2d 758 (1953) ("[G]arnishment statutes contemplate that the garnishee shall not make payment until judgment has been entered against him.... Should the defendant subsequently claim his debt against the garnishee, it is sufficient defense for him `... to show that such indebtedness was paid....'") Id. at 280, 254 P.2d 758 (quoting Rem.Rev.Stat. § 705). This procedural safeguard is in keeping with our case law interpreting the garnishment process as akin to a distinct suit, and in furtherance of the legislative intent to protect the garnishee's interest.
Perhaps more importantly, even though the "pay order" procedure used by PEI may be more convenient for creditors, RCW 6.27 simply does not provide for this procedure. Although in RCW 6.27.005 the Legislature recognized a need to enforce debtors' obligations, the Legislature specified a garnishment process which includes the procedures for commencing, disputing, and concluding a garnishment action.
Here, PEI obtained judgments against Watkins and Bohnet, but no additional attorney fees and costs were awarded. In order to recover the attorney fees and filing costs associated with the numerous writs against the employers and banks of Watkins and Bohnet, RCW 6.27.200 and .250(1) require PEI to have obtained either a judgment or default judgment specifying such amount. PEI's practice of cumulatively recovering those costs by means of a court "pay order" was not authorized under RCW 6.27.
2. Creditor filed writ of garnishment against garnishee which resulted in an "unsuccessful" writ because garnishee's answer revealed there was no debt owing to debtor.
Similarly, RCW 6.27.090 does not provide for the recovery of attorney fees and filing costs associated with a writ where a garnishee's answer indicates that it neither owes a debt nor holds property belonging to the defendant. This is because RCW 6.27.090 directs a garnishee to only "hold" the amount specified by the writ of garnishment, including estimated attorney fees and filing costs. RCW 6.27.240 in turn determines whether a garnishee is actually indebted to or holds property of the debtor. If it appears from the garnishee's answer that the garnishee was neither indebted to nor held property belonging to the debtor, and if neither the debtor nor creditor controverts the garnishee's answer, then the garnishee is discharged with no further liability under the writ of garnishment. RCW 6.27.210 and.240. In such case, the writ of garnishment is unsuccessful since the writ has found no garnishable income or property held by the garnishee. Conversely, where a garnishee affirmatively answers the writ, without controversion by the debtor, a creditor may obtain a judgment for the amount held by the garnishee pursuant to the writ. RCW 6.27.250(1). Thus, the attorney fees and filing costs provided for by RCW 6.27.090 are recoverable only when a garnishee is determined to be actually indebted to or holds property of the debtor in question.
*1048 Here, PEI issued two writs to Bohnet's employer, Red Lion, which answered that it held no garnishable income. Neither PEI nor Ms. Bohnet controverted the answers provided by Red Lion. PEI included the attorney fees and filing costs associated with the two "unsuccessful" writs in its subsequent attempts to collect on Bohnet's underlying judgment. Under RCW 6.27.240, however, the two writs of garnishment were effectively dismissed by virtue of Red Lion's uncontroverted answer indicating that it held no garnishable income owing to Ms. Bohnet. Thus, PEI cannot recover the attorney fees and filing costs associated with its two unsuccessful writs of garnishment issued against Red Lion.
We hold that a creditor cannot recover from the debtor the costs listed in RCW 6.27.090(2) where the uncontroverted answer to the writ of garnishment reveals that the garnishee neither owes a debt to the debtor nor holds property belonging to the debtor.

3. Creditor did not obtain default judgment against a garnishee who did not answer writ of garnishment.
RCW 6.27.090 specifically refers to the amount a garnishee is required to hold, which includes attorney fees and filing costs. It does not provide that such costs may be recovered from a debtor in the event that a garnishee does not answer. Rather, RCW 6.27.200 provides for the entry of a default judgment against a garnishee who fails to answer a writ of garnishment: "it shall be lawful for the court to render judgment by default against such garnishee...." The statute also allows the court to award additional attorney fees to the prevailing party. RCW 6.27.200.
In the Watkins case, PEI elected not to pursue a default judgment against New Hope when it did not answer because after conducting an additional asset evaluation, PEI discovered additional assets held by Telco. PEI argues that a creditor may elect not to seek a default judgment against a garnishee who fails to answer but still collect the attorney fees and filing costs on such a writ.
However, because a writ of garnishment is akin to a distinct suit between a creditor and garnishee, it follows that a creditor's action as to the dispute over the garnishee's failure to answer is not against the debtor, but against the nonresponsive garnishee. This is because the garnishee's inaction is a violation of the writ.
RCW 6.27.200 specifically provides that a creditor may recover the attorney fees and filing costs provided under RCW 6.27.090 from the nonresponsive garnishee by seeking entry of a default judgment.[4] Should the garnishee timely respond to a writ of execution or writ of garnishment issued under the default judgment, the garnishee may move to reduce the amount to any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served. RCW 6.27.200. Where a garnishee makes such motion to reduce the amount after entry of a default judgment, RCW 6.27.200 provides that a creditor is entitled to reasonable attorney fees in addition to those authorized by RCW 6.27.090. The additional attorney fees effectively serve as a remedy for a creditor when its writ of garnishment is left unanswered.
PEI argues, nevertheless, that even in the instance where a creditor elects not to seek entry of a default judgment, the attorney fees and costs associated with the unanswered writ of garnishment may be recovered along with any other writs issued to collect the underlying judgment against a debtor. However, the attorney fees and costs provided by RCW 6.27.090 are recoverable only when statutory procedures are followed. *1049 PEI did not obtain a judgment against New Hope, and elected not to seek entry of a default judgment when New Hope failed to answer. Since PEI chose not to seek entry of a default judgment against New Hope, PEI is precluded from recovering the attorney fees and costs associated with that unanswered writ of garnishment.
We hold that a creditor must obtain a default judgment against a nonresponsive garnishee in order to recover the attorney fees and costs associated with the unanswered writ.

CONCLUSION
Garnishment is an extraordinarily harsh remedy and the garnishment statutes have traditionally been construed against the party resorting to such action. Enforcement of the garnishment statute requires strict adherence to its statutory procedures. In the absence of express language to the contrary, we hold that RCW 6.27 does not authorize a creditor to automatically and cumulatively recover attorney fees and costs where several writs of garnishment are filed. Rather, when a garnishee's indebtedness to the principal defendant is uncontroverted and the indebtedness is due and owing a creditor must obtain a judgment against a garnishee in order to collect the amount, attorney fees, and filing costs allowed under RCW 6.27.090(2) and .250(1). In the case of a nonresponsive garnishee, a creditor must obtain a default judgment pursuant to RCW 6.27.200 in order to collect these costs and fees. Finally, where a writ of garnishment is unsuccessful because an uncontroverted answer reveals that the garnishee is neither indebted to nor holds property belonging to the debtor, a creditor is precluded from recovering attorney fees and costs otherwise authorized under RCW 6.27.090(2).
GUY, C.J., and DURHAM, SMITH, JOHNSON, ALEXANDER, TALMADGE, SANDERS, JJ., and DOLLIVER, J.P.T., concur.
NOTES
[1] RCW 6.27.005 states: "The legislature recognizes that a garnishee defendant has no responsibility for the situation leading to the garnishment of a debtor's wages, funds, or other property, but that the garnishment process is necessary for the enforcement of obligations debtors otherwise fail to honor, and that garnishment procedures benefit the state and the business community as creditors. The state should take whatever measures that are reasonably necessary to reduce or offset the administrative burden on the garnishee defendant consistent with the goal of effectively enforcing the debtor's unpaid obligations."
[2] Joski v. Short, 28 F.Supp. 821 (W.D.Wash. 1939) (requiring a judgment independent of the principal action so that if diversity of citizenship and the jurisdictional minimum are met, a garnishment proceeding can be removed to federal court).
[3] "PROVIDED, That if judgment is rendered in favor of the principal defendant, or if any judgment rendered against the principal defendant is satisfied prior to the date of payment specified in an order of payment entered under this subsection, the garnishee shall not be required to make payment, nor shall any judgment in such case be entered against the garnishee." RCW 6.27.250(2).
[4] RCW 6.27.200 provides in relevant part: "[I]t shall be lawful for the court to render judgment by default against such garnishee ... for the full amount of the plaintiff's unpaid judgment against the defendant with all accruing interest and costs as prescribed in RCW 6.27.090: PROVIDED, That upon motion by the garnishee at any time within seven days following service on, or mailing to, the garnishee of a copy of a writ of execution or a writ of garnishment under such judgment, the judgment against the garnishee shall be reduced to the amount of any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served...."