# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| P.S.C., INC., a Washington Corporation,<br><br>Respondent,<br><br>v.<br><br>TERESA J. REED,<br><br>Defendant below,<br><br>PURDYS PUBLIC HOUSE, LLC,<br><br>Appellant. | No.  60806-5-II<br><br><br><br><br><br>PUBLISHED OPINION |

LEE, P.J. — Purdys Public House, LLC (Purdys) appeals the superior court's denial of a motion to reduce judgment of a writ of garnishment pursuant to RCW 6.27.200 based on Purdys' purported untimeliness in filing the motion.  Purdys argues that its motion was timely filed based on the language "within seven days following service on, or mailing to," found in RCW 6.27.200 because Purdys filed the motion to reduce judgment within seven days after it received the writ of garnishment that P.S.C., Inc. (PSC) mailed to them.

Because the purpose of Washington's garnishment statute is to protect the garnishee's interest and because the statutory provisions must be interpreted in relation to one another, we construe "mailing to" in RCW 6.27.200 to mean the garnishee's receipt through the mail, such that a garnishee has seven days from the date of receipt to file a motion to reduce judgment.

Accordingly, Purdys' motion was timely filed. We reverse and remand to the superior court for consideration of Purdys' motion to reduce judgment.

FACTS

In April 2015, PSC obtained a default judgment against Reed. On January 18, 2024, PSC filed an application for writ of garnishment for a continuing lien on Reed's earnings with the superior court. The application identified Purdys, Reed's employer, as the garnishee defendant.

On January 19, the superior court issued a writ of garnishment. On January 22, PSC mailed copies of the garnishment documents, including the application for the writ of garnishment and the writ of garnishment, to Purdys via certified mail. On January 25, Purdys received the certified mailing.

Over the next several months, PSC attempted to contact Purdys via telephone calls and leaving voicemails. Purdys neither returned PSC's calls nor answered the garnishment documents. Then, on June 13, PSC filed a notice of default against Purdys as the garnishee in superior court. The notice of default stated: "Please take notice that the undersigned intends to present a default judgment . . . against garnishee in . . . ten (10) or more days after mailing this Notice." Clerk's Papers (CP) at 80. PSC mailed a copy of the notice of default, along with a proposed "Judgment Against Garnishee Defendant for Failure to Answer" to Purdys. CP at 57.

Purdys again failed to respond. On July 3, PSC filed a motion for default judgment against Purdys as the garnishee for failure to answer. The superior court entered a default judgment against Purdys. On July 19, PSC mailed a copy of the default judgment to Purdys, along with a cover letter. The cover letter stated: "[PSC] will be in a position to commence Judgment enforcement

2

proceedings in order to collect the amount of the Judgment. You may expect that action will be taken against you . . . to collect this Judgment if payment in full is not received." CP at 91.

For the next several weeks, PSC attempted to contact Purdys. Purdys did not respond. Then, on September 12, PSC received a handwritten letter from Bryan Purdy, the owner of Purdys, which stated: "[Reed] is [n]o longer employed at Purdys Public House as of July 5th[,] 2024." CP at 96. That same day, PSC attempted to call Purdys twice; both calls went unanswered. On September 13, PSC called Purdys again, but the phone rang for an extended period of time before the line disconnected. Between September and November 2024, PSC called Purdys several times but to no avail.

On January 22, 2025, PSC filed an application for bank garnishment of Purdys' bank account in superior court. On January 27, the superior court issued a bank writ of garnishment to Purdys' bank. PSC "served via certified mail" the bank garnishment documents on Purdys, mailing the documents on February 4. CP at 60. Also on February 4, PSC personally served Purdys' bank.

Purdys received the bank garnishment documents on February 6. On February 7, Bryan Purdy called PSC, upset that his bank account had been garnished. On February 12, PSC received a call from an attorney that Bryan Purdy had retained for the garnishment matter. Purdys' attorney also filed a notice of appearance.

On February 13, Purdys filed a motion to reduce the default judgment pursuant to RCW 6.27.200. RCW 6.27.200 allows a garnishee to move for the reduction of a judgment "to the amount of any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served," so long as the motion is made within seven days "following

3

service on, or mailing to, the garnishee of a copy of the first writ of execution or writ of garnishment under such judgment." In an attached declaration in support of the motion to reduce judgment, Bryan Purdy stated that Reed had been employed by Purdys from January to June of 2024. Bryan Purdy also stated that February 6, 2025 was the first time he became aware that any judgment existed.

In response, PSC argued that its February 4 mailing date of the bank garnishment documents triggered the seven-day period within which Purdys needed to file its motion to reduce judgment. Accordingly, PSC asserted that Purdys' motion to reduce judgment filed on February 13 was untimely.

The superior court considered Purdys' motion to reduce judgment on February 28 and denied the motion. The superior court's order denying the motion stated:

> THIS MATTER having come on regularly this day for hearing on [Purdys']
> Motion to Reduce Garnishee Defendant's Default Judgment Pursuant to RCW
> 6.27.200; and the court having considered the evidence and having reviewed the
> records; now, therefore, it is hereby
>
> ORDERED, ADJUDGED AND DECREED that [Purdys'] Motion to
> Reduce is hereby
>
> [X]    DENIED with no reduction in the amount owed to [PSC] plus a
> monetary award to [PSC] for reasonable attorney's fees . . . given proof in [PSC's]
> Exhibit K of Declaration filed 2/21/25 showing mailing of said documents on
> 2/4/25 via USPS to [Purdys'] registered agent address.

CP at 124.

On March 14, the superior court entered a judgment and order to pay against Purdys and its bank.

Purdys appeals.

4

ANALYSIS

On appeal, Purdys assigns error to the superior court's denial of its motion to reduce the default judgment amount based on the motion's purported untimely filing. Specifically, Purdys argues that the seven-day window described in RCW 6.27.200 as "mailing to" starts from the date of receipt of the applicable documents sent through the mail, not the date the documents are placed in the mail. We agree.

A.    PRINCIPLES OF STATUTORY CONSTRUCTION

Statutory interpretation is an issue of law courts review de novo. *Branson v. Wash. Fine Wine & Spirits, LLC*, 5 Wn.3d 289, 293, 574 P.3d 1031 (2025). "Our 'fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Id.* 293-94 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)).

When reviewing the plain language of a statute to determine legislative intent, courts consider "the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." *Lenander v. Dep't of Ret. Sys.*, 186 Wn.2d 393, 403, 377 P.3d 199 (2016). "If the plain language of the statute is clear and subject to only one reasonable interpretation, then we look no further." *Branson*, 5 Wn.3d at 294. A statute is not ambiguous merely because multiple interpretations are conceivable. *Id.* "Furthermore, courts construe statutes to avoid absurd results." *Wash. Tr. Bank v. Kozak*, 27 Wn. App. 2d 542, 549, 533 P.3d 152, *review denied*, 2 Wn.3d 1009 (2023).

B.      GARNISHMENT PROCEEDINGS UNDER CHAPTER 6.27 RCW

      1.      Legal Principles

Chapter 6.27 RCW governs garnishments in Washington, outlining "specific procedures for issuance and enforcement of a writ of garnishment." *Watkins v. Peterson Enters.*, 137 Wn.2d 632, 638, 973 P.2d 1037 (1999); *see generally* RCW 6.27 et seq. A writ of garnishment "serves as the mechanism initiating an action against a garnishee, directing the garnishee to answer whether it holds funds or property owing to the debtor." *Id.* (citing RCW 6.27.100). The writ serves as notice to both the garnishee and the debtor and gives the parties an opportunity to defend. *Id.*

The purpose of the garnishment statute is to enforce the obligations of debtors. *Id.* However, the legislature also recognizes that garnishee defendants have "no responsibility for the situation leading to the garnishment of a debtor's wages, funds, or other property" and instructs the state to "take whatever measures that are reasonably necessary to reduce or offset the administrative burden on the garnishee consistent with the goal of effectively enforcing the debtor's unpaid obligations." RCW 6.27.005; *see also Watkins*, 137 Wn.2d at 638.

"Garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Watkins*, 137 Wn.2d at 640; *accord Boundary Dam Constructors v. Lawco Contractors, Inc.*, 9 Wn. App. 21, 25, 510 P.2d 1176 (1973) ("Garnishment being statutory, compliance with the applicable statutes is essential to the validity and preservation of the writ."). Because the issuance and enforcement of a writ are central to the garnishment process—"constituting notice, ordering the entry of pleadings, and providing an opportunity for a hearing"—provisions in the garnishment statute are interpreted "in relation to each other and

consistent with the legislative intent to protect a garnishee's interest." *Watkins*, 137 Wn.2d at 639-40.

RCW 6.27.200, the statute at issue here, provides:

If the garnishee fails to answer the writ within the time prescribed in the writ, after the time to answer the writ has expired and after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant, it shall be lawful for the court to render judgment by default against such garnishee, after providing a notice to the garnishee by personal service or first-class mail deposited in the mail at least ten calendar days prior to entry of the judgment, for the full amount claimed by the plaintiff against the defendant, or in case the plaintiff has a judgment against the defendant, for the full amount of the plaintiff's unpaid judgment against the defendant with all accruing interest and costs as prescribed in RCW 6.27.090: *PROVIDED, That upon motion by the garnishee at any time within seven days following service on, or mailing to, the garnishee of a copy of the first writ of execution or writ of garnishment under such judgment*, the judgment against the garnishee shall be reduced to the amount of any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served, plus the cumulative amount of the nonexempt earnings subject to the lien provided for in RCW 6.27.350, or the sum of one hundred dollars, whichever is more, but in no event to exceed the full amount claimed by the plaintiff or the amount of the unpaid judgment against the principal defendant with all accruing interest and costs and attorney's fees as prescribed in RCW 6.27.090, plus the accruing interest and costs and attorneys' fees as prescribed in RCW 6.27.090 for any garnishment on the judgment against the garnishee, and in addition the plaintiff shall be entitled to a reasonable attorney's fee for the plaintiff's response to the garnishee's motion to reduce said judgment against the garnishee under this proviso and the court may allow additional attorney's fees for other actions taken because of the garnishee's failure to answer.

(Emphasis added.) Thus, under RCW 6.27.200, "[s]hould the garnishee timely respond to a writ of execution or writ of garnishment issued under the default judgment, the garnishee may move to reduce the amount to any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served." *Watkins*, 137 Wn.2d at 649-50.

RCW 6.27.110 provides for service of writs generally:

(1) Service of the writ of garnishment, including a writ for continuing lien on earnings, on the garnishee is invalid unless the writ is served together with: (a) An answer form as prescribed in RCW 6.27.190; and (b) a check or money order made payable to the garnishee in the amount of twenty dollars for the answer fee if the writ of garnishment is not a writ for a continuing lien on earnings.

(2) Except as provided in RCW 6.27.080 for service on a bank, savings and loan association, or credit union, *the writ of garnishment shall be mailed to the garnishee by certified mail, return receipt requested, addressed in the same manner as a summons in a civil action, and will be binding upon the garnishee on the day set forth on the return receipt. In the alternative, the writ shall be served by the sheriff of the county in which the garnishee lives or has its place of business or by any person qualified to serve process in the same manner as a summons in a civil action is served.*

(3) If a writ of garnishment is served by a sheriff, the sheriff shall file with the clerk of the court that issued the writ a signed return showing the time, place, and manner of service and that the writ was accompanied by an answer form, and check or money order if required by this section, and noting thereon fees for making the service. If service is made by any person other than a sheriff, such person shall file an affidavit including the same information and showing qualifications to make such service. *If a writ of garnishment is served by mail, the person making the mailing shall file an affidavit showing the time, place, and manner of mailing and that the writ was accompanied by an answer form, and check or money order if required by this section, and shall attach the return receipt or electronic return receipt delivery confirmation to the affidavit.*

(Emphasis added.)

RCW 6.27.130 elaborates on mailings to a judgment debtor:

(1) When a writ is issued under a judgment, on or before the date of service of the writ on the garnishee, *the judgment creditor shall mail or cause to be mailed to the judgment debtor, by certified mail, addressed to the last known post office address of the judgment debtor*, (a) a copy of the writ and a copy of the judgment creditor's affidavit submitted in application for the writ, and (b) if the judgment debtor is an individual, the notice and claim form prescribed in RCW 6.27.140. *In the alternative*, on or before the day of the service of the writ on the garnishee or within two days thereafter, *the stated documents shall be served on the judgment debtor in the same manner as is required for personal service of summons upon a party to an action*.

8

(2) The requirements of this section shall not be jurisdictional, but (a) no disbursement order or judgment against the garnishee defendant shall be entered unless there is on file the return or affidavit of service or mailing required by subsection (3) of this section, and (b) if the copies of the writ and judgment or affidavit, and the notice and claim form if the defendant is an individual, are not mailed or served as herein provided, or if any irregularity appears with respect to the mailing or service, the court, in its discretion, on motion of the judgment debtor promptly made and supported by affidavit showing that the judgment debtor has suffered substantial injury from the plaintiff's failure to mail or otherwise to serve such copies, may set aside the garnishment and award to the judgment debtor an amount equal to the damages suffered because of such failure.

(3) If the service on the judgment debtor is made by a sheriff, the sheriff shall file with the clerk of the court that issued the writ a signed return showing the time, place, and manner of service and that the copy of the writ was accompanied by a copy of a judgment or affidavit, and by a notice and claim form if required by this section, and shall note thereon fees for making such service. If service is made by any person other than a sheriff, such person shall file an affidavit including the same information and showing qualifications to make such service. *If service on the judgment debtor is made by mail, the person making the mailing shall file an affidavit including the same information as required for return on service and, in addition, showing the address of the mailing and attaching the return receipt or the mailing should it be returned to the sender as undeliverable.*

(Emphasis added.)

2.     "Mailing to" Means the Garnishee's Receipt of Mailed Documents

The parties dispute the meaning of "within seven days following service on, or mailing to," found in RCW 6.27.200. Specifically, Purdys argues that "[b]asic due process requires that the seven-day window to file a motion to reduce commence upon service [of], (actual notice to), the writ [to the garnishee]." Br. of Appellant at 10. PSC conversely argues that RCW 6.27.200 "unambiguously" "draws a clear distinction between the definitions of 'service' and 'mailing'" and that "'mailing to'" means "the date the mail is sent." Br. of Resp't at 7, 8, 11.

In cases of statutory interpretation, the primary objective is to carry out the legislature's intent. *Branson*, 5 Wn.3d at 293-94. Courts first look at the plain language of the statute and consider the text of the provision. *Lenander*, 186 Wn.2d at 403.

Here, RCW 6.27.200 provides in relevant part:

> If the garnishee fails to answer the writ within the time prescribed in the writ, after the time to answer the writ has expired and after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant, it shall be lawful for the court to render judgment by default against such garnishee, . . . PROVIDED, That *upon motion by the garnishee at any time within seven days following service on, or mailing to*, *the garnishee of a copy of the first writ of execution or writ of garnishment under such judgment*, the judgment against the garnishee shall be reduced to the amount of any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served.

(Emphasis added.)[1] RCW 6.27.200 does not define "service on" or "mailing to." Thus, the parties argue that the terms are ambiguous.

To the extent the terms "service on" and "mailing to" are ambiguous, we consider the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. *Lenander*, 186 Wn.2d at 403.

As to the context, as discussed above, the statute is found in chapter 6.27 RCW, which governs garnishments in Washington. The garnishment statutes provide creditors with a statutory remedy to enforce the obligations of debtors and "requires strict adherence to the procedures expressly authorized by statute." *Watkins*, 137 Wn.2d at 638, 640.

---

[1] The parties do not dispute that all other statutory requirements found in RCW 6.27.200 have been met.

Looking to the other garnishment provisions and the garnishment statutes as a whole, "service on" and "mailing to" refer to the two statutory means which the legislature has set forth to effectuate service on a garnishee and "mailing to" means the date the garnishee actually receives the writ of garnishment sent through the mail.

RCW 6.27.110 states, in relevant part:

> (2) Except as provided in RCW 6.27.080 for service on a bank, savings and loan association, or credit union, *the writ of garnishment shall be mailed to the garnishee by certified mail, return receipt requested, addressed in the same manner as a summons in a civil action, and will be binding upon the garnishee on the day set forth on the return receipt. In the alternative, the writ shall be served by the sheriff of the county in which the garnishee lives or has its place of business or by any person qualified to serve process in the same manner as a summons in a civil action is served*.

> (3) . . . *If a writ of garnishment is served by mail*, the person making the mailing shall file an affidavit showing the time, place, and manner of mailing and that the writ was accompanied by an answer form, and check or money order if required by this section, and shall attach the return receipt or electronic return receipt delivery confirmation to the affidavit.

(Emphasis added.)

RCW 6.27.110 provides (1) the required documents to be served for a writ to be valid, (2) how the writ may be served (either through personal service on the garnishee or by certified mail with return receipt requested), and (3) what must be filed with the superior court to demonstrate that service was effective. Thus, service on a garnishee under RCW 6.27.110 is effectuated either through personal service on the garnishee or by mailing the required documents to the garnishee in the manner required by the statute. Of note, RCW 6.27.110(2) clearly states that when a judgment creditor serves the garnishee a writ by mail, it "shall be mailed to the garnishee by *certified mail, return receipt requested*, addressed in the same manner as a summons in a civil

action, and *will be binding upon the garnishee on the day set forth on the return receipt*." (Emphasis added.) Thus, service of a writ sent via mail is effective "on the day set forth on the return receipt," meaning when the garnishee *actually received* the writ sent through the mail.

This concept of service being effectuated under the garnishment statutes either through personal service on the garnishee or by mailing to the garnishee in the manner required by the statute comports with other provisions in the overall statutory scheme. For instance, under RCW 6.27.130, addressing service on the judgment debtor, states in relevant part:

> (2) The requirements of this section shall not be jurisdictional, but *(a) no* disbursement order or *judgment against the garnishee defendant shall be entered unless there is on file the return or affidavit of service or mailing required by subsection (3) of this section, and (b) if the copies of the writ and judgment or affidavit,* and the notice and claim form if the defendant is an individual, *are not mailed . . . as herein provided, or if any irregularity appears with respect to the mailing . . . .*

> (3) . . . *If service on the judgment debtor is made by mail*, the person making the mailing shall file an affidavit including the same information as required for return on service and, in addition, showing the address of the mailing and attaching the return receipt or the mailing should it be returned to the sender as undeliverable.

(Emphasis added.)

Similar to RCW 6.27.110, RCW 6.27.130 provides for (1) the accepted methods of service to the debtor, (2) how to confirm service was effectuated, and again, (3) what must be filed with the superior court. Indeed, RCW 6.27.130(3) requires, in the case of service by mail, confirmation of receipt or lack thereof. *See generally* CR 4(d)(4), (g)(4); CR 5(b)(2).

Turning back to RCW 6.27.200, when looking at the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole, it follows that the phrase "service on or mailing to" refers to the two methods to effectuate service of documents in

the garnishment context—personal service or mailing via certified mail with return receipt requested. Thus, in light of the definition of service by mail found in RCW 6.27.110, and the discussion of service by mail in RCW 6.27.130, we conclude that the language stating "any time within seven days following service on, *or mailing to*" the garnishee means the seven days *following actual receipt* of notice to the garnishee by personal service or through the mail.

PSC makes much of Purdys' failure to respond to PSC's repeated attempts at contact, PSC's compliance with garnishment procedures, and Purdys' disregard for its obligations. The record is clear, and there is no dispute, that PSC strictly complied with the garnishment procedure set forth in the garnishment statutes and that Purdys was delinquent in responding. However, Purdys' failure to respond is addressed directly by the procedure outlined in RCW 6.27.200, which PSC followed, and is the basis for this appeal. PSC was under no obligation to attempt to contact Purdys as much as it did, and whether Purdys responded to PSC following the initial issuance of the writ, or had notice of it, has no bearing on the time Purdys is statutorily allowed to file a motion to reduce judgment under RCW 6.27.200.[2]

Further, Washington's garnishment statute provides a clear articulation of legislative intent, instructing the State to "take whatever measures that are reasonably necessary to reduce or offset the administrative burden on the garnishee" while enforcing a debtor's obligations. RCW 6.27.005. Indeed, the strict procedures outlined in the garnishment statute are interpreted "*in relation to each other* and consistent with the legislative intent *to protect a garnishee's interest*."

---

[2] That PSC is frustrated is understandable, particularly when the record shows PSC put forth great effort to notify Purdys of the circumstances. However, we must still interpret the statute based on established legal principles and not on sympathy.

*Watkins*, 137 Wn.2d at 639-40 (emphasis added). "'Where two interpretations of statutory language are equally reasonable, our canons of construction direct us to adopt the interpretation which better advances the overall legislative purpose.'" *SYNNEX Corp. v. Dep't of Revenue*, 34 Wn. App. 2d 857, 865, 572 P.3d 1214 (2025) (internal quotation marks omitted) (quoting *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 729, 406 P.3d 1149 (2017)). The creation of two timelines in RCW 6.27.200 does not protect a garnishee's interest for an original obligation that the garnishee shares no fault in: one timeline based on personal service that affords a garnishee seven days to file its motion for reduction and another timeline based on service by mail, which potentially eliminates the garnishee's opportunity for a reduction if the garnishee does not receive the garnishment documents within seven days after mailing.

Accordingly, we construe "mailing to" in RCW 6.27.200 to mean the garnishee's receipt of garnishment documents sent through the mail; thus, the garnishee has seven days from the *receipt* of the "copy of the first writ of execution or writ of garnishment under such judgment" to move for a reduction in judgment. Therefore, we reverse the superior court's order denying Purdys' motion to reduce judgment based on the superior court's determination that the motion was untimely and remand for the superior court to consider Purdys' motion to reduce judgment.

3.      CR 5(b)(2)

In the alternative, Purdys argues that "CR 5 governs the calculation of the date of service of the writ on Purdys." Br. of Appellant at 15. Specifically, Purdys identifies CR 5(b)(2)(A), which provides in part:

> If service is made by mail, the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid. The service

shall be deemed complete upon the third day following the day upon which they are placed in the mail.

Purdys asserts that CR 5's clause, "[t]he service shall be deemed complete upon the third day following the day upon which they are placed in the mail," allows for essentially the same outcome that Purdys advocates within the language of RCW 6.27.200 itself—that the seven-day window in RCW 6.27.200 does not begin until three days *after* the mailing of the garnishment judgment documents.

PSC conversely argues that CR 5 does not apply. PSC points to CR 81(a), which states: "Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules." PSC asserts that garnishment proceedings are "special proceedings" and the garnishment statutory scheme is inconsistent with the civil rules; therefore, the civil rules are inapplicable. Br. of Resp't at 19.

PSC is correct that Washington courts have identified garnishment proceedings as special proceedings. *Putman v. Wenatchee Valley Med. Ctr., P.S.*, 166 Wn.2d 974, 981, 216 P.3d 374 (2009); *Zesbaugh, Inc. v. Gen. Steel Fabricating, Inc.*, 95 Wn.2d 600, 603, 627 P.2d 1321 (1981); *Snyder v. Cox*, 1 Wn. App. 457, 459, 462 P.2d 573 (1969), *review denied*, 77 Wn.2d 962 (1970). Thus, where the civil rules are inconsistent with any of the statutory provisions under the garnishment statute, "the civil rule must give way to the express provision in the statute." *Zesbaugh, Inc.*, 95 Wn.2d at 603; CR 81(a).

No. 60806-5-II

PSC contends that the CR 5 is "explicitly inconsistent with the statutory garnishment scheme." Br. of Resp't at 20. PSC first points to RCW 6.27.110(2), which provides that service by mail is binding upon a garnishee "'on the day set forth on the return receipt.'" Br. of Resp't at 20 (quoting RCW 6.27.110(2)). This is different than CR 5's perfection of mail service, which is deemed complete "upon the third day following the day upon which they are placed in the mail." CR 5(b)(2)(A). We agree with PSC. RCW 6.27.110(2) provides a specific definition of when service has been perfected; thus, RCW 6.27.110 is inconsistent with CR 5, and RCW 6.27.110 prevails. *Zesbaugh, Inc.*, 95 Wn.2d at 603. CR 5 is inapplicable.

CONCLUSION

We construe "mailing to" in RCW 6.27.200 to mean the garnishee's receipt of garnishment documents sent through the mail; therefore, a garnishee has seven days from the date of receipt to file a motion to reduce judgment. And CR 5 is inapplicable. Thus, Purdys' motion was timely filed. Accordingly, we reverse and remand to the superior court for consideration of Purdys' motion to reduce judgment.

Lee, P.J.

We concur:

Glasgow, J.

Che, J.

16